Henry L. Schmidt *et al.*

*v.*

Frank G. Braley.

*Filed at Ottawa November 17, 1884.*

1. Chancery—*setting aside interlocutory orders, and allowing a new answer.* A motion by a defendant in a bill, to set aside an interlocutory decree and for leave to file a new answer, is addressed to the sound discretion of the court, with which this court will not interfere, unless it can see that such discretion has been abused.

2. SAME—*practice in respect to filing new answer.* The proper practice in a case where a defendant desires to file a new answer to the bill, is to prepare the answer and submit it to the court with the motion for leave to file it. If the proposed new answer is frivolous, impertinent or scandalous, the court should not allow it to be filed.

3. PRESUMPTIONS *in support of judgment, or decree.* Appellate tribunals will indulge in all reasonable presumptions in favor of the action of the court below, in order to sustain the judgment or decree reviewed.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

On the 22d of June, 1882, Frank G. Braley, the appellee, exhibited his bill in the Superior Court of Cook county, against Frederick Kirchoff, Henry Schaller, and Henry L. Schmidt, praying that a certain deed absolute in form, executed by himself and wife on the 24th day of January, 1879, to Kirchoff and Schaller, for a certain lot and premises in the city of Chicago, be declared a mortgage, and that complainant be permitted to redeem therefrom upon the terms and conditions specified in a written agreement executed by Schaller and Kirchoff, bearing date December 20, 1878, and in pursuance of which the said deed from Braley and wife had been executed. The defendants appeared by their solicitor, Eugene E. Prussing, and filed a joint and several answer to the bill. There was a hearing of the cause upon the pleadings and proofs, resulting in a decree finding the equities with the complainant, and the cause was referred to the master to state the account. While the case was in this condition, Prussing withdrew from it as solicitor for defendants, and Martin Beam, Esq., appeared for them in his stead. The latter, on the 28th of May, 1882, entered a motion in the cause that the proceedings theretofore had in it be set aside, and that the defendants be permitted to file a new answer. The motion was denied, and a final decree entered in the cause in conformity with the prayer of the bill, and the defendants have appealed from that decree.

4—112 ILL.

Mr. Martin Beam, and Mr. Henry Booth, for the appellants.

Mr. A. A. Exline, for the appellee.

Mr. Justice Mulkey delivered the opinion of the Court:

It is in effect conceded that the decree, upon the pleadings as they now stand, is correct; but the contention of appellants is, that the court erred in overruling appellants' motion to set aside the interlocutory decree, and in not permitting them to file a new answer, and that the decree, for these reasons, should be reversed. The application in question was a matter addressed to the sound discretion of the court, and this court will not interpose unless it is able to say there was an abuse of that discretion. That we can not do. The affidavits offered in support of the motion do not present such a state of facts as made it imperative on the court to set aside the proceedings and permit a new answer to be filed, and such being the case, we are not permitted to interfere with its action in the premises.

But there is another insuperable objection to the position of appellants. It does not appear from the record what was the character of the new answer which appellants proposed to file, nor, indeed, does it appear that an answer had been prepared at all. How can this court say there was error in refusing to permit an answer to be filed which is not embodied in the record? Even if we assume one was prepared by counsel, which we have no right to do, still we can not judicially know what it contained, and must presume it was of such a character as warranted the court below in refusing to permit it to be filed.

It is a familiar doctrine that appellate tribunals will indulge in all reasonable presumptions in favor of the action of the court below, in order to sustain the judgment or decree reviewed. Applying this doctrine to the case in hand, it is clear we would not be authorized to disturb the decree on the

ground suggested, for, assuming an answer to have been prepared, and submitted to the court with the motion, as should have been done, for aught that we know it may have been frivolous, impertinent or scandalous, in either of which events the court should not have allowed it to be filed. The proper practice in such cases is to prepare the answer and submit it to the court with the motion for leave to file it. (2 Daniell's Chancery Practice, 915.) This was not done,—at least the record does not show it to have been done, which, in legal effect, amounts to the same thing.

Upon the record before us we can not do otherwise than to affirm the decree.

*Decree affirmed.*