## George Byrne

### v.

## Byron W. S. Clark.

*Practice—Bill of Exceptions—Attachment of Documents to by Stipulation.*

1. The omission to incorporate in a bill of exceptions certain papers can not be repaired by a stipulation that the clerk shall attach them thereto; for the determination of what shall be a part of the bill is a judicial act and can not be delegated.

2. This court can only consider in a given controversy, matters incorporated in a bill of exceptions duly authenticated by the signature and seal of the trial judge.;

[Opinion filed April 3, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. E. W. Adkinson, for appellant.

Mr. E. F. Thompson, for appellee.

Gary, J. There is nothing in this record from which this court can see what was done in the case in the Superior Court. There is a declaration in assumpsit with special and common counts and amended declaration of like character, each of which are followed in the transcript by what purport to be exhibits or copies of instruments sued upon. But such copies are no part of the pleading either on demurrer in the Supe-

rior Court—Hart v. Tolman, 1 Gilm. 1, Harlow v. Boswell, 15 Ill. 56—or on appeal to this: Sims v. Hugsby, Bre. 413; Franey v. True, 26 Ill. 184; though they may become so for both courts by being set out on oyer, or for this, by bill of exceptions. Smith v. Wilson, 26 Ill. 186, is one of the numerous cases as to what, to be seen on error, must be on a bill of exceptions. These exhibits or copies are probably copied again in the transcript, after the bill of exceptions, with instructions and motions, but they are there invisible to the judicial eye. The parties seem to have stipulated that the clerk should repair the omission of the appellant, to incorporate all these papers in the bill of exceptions by attaching them to it, but the determination of what shall be a part of the bill of exceptions is a judicial act, and can not be delegated even by the court to the clerk. Emerson v. Clark, 2 Scam. 489.

Since the statute permitting original bills of exceptions to be used on appeal for writ of error, many decisions have been made that the court of review can not look beyond what is authenticated by the signature and seal of the judge, to ascertain what happened in the course of the case below.

Here is a verdict and judgment upon the common counts. Without the documentary evidence, which this court can not see, it is not possible to judge, even as to the relevancy or competency of the testimony that is in a shape to be seen here.

The presumption, unless the contrary appears, is that the judgment is right. Schmidt v. Braley, 112 Ill. 48.

*Judgment affirmed.*