# H. B. VAN VELSOR
### v.
# C. D. SEEBERGER.

*Deceit—Sale of House—Damages.*

1. The purchaser of a house must be assumed to have knowledge of such faults therein as are not concealed or covered up, but are open to view or discoverable upon ordinary inspection.

2.  A highly exaggerated or even false description by a vendor of an article which is present and open to the inspection of the vendee, does not amount to such a misrepresentation as will support an action for deceit.

3.  Where a cause of action exists, at least nominal damages will be presumed and must be allowed, and the fact that the plaintiff in a given case insisted upon substantial damages, and neither tried his case upon a claim of, asked for, or would have been satisfied with nominal damages, can not alter the rule.

4.  In an action for deceit brought to recover for fraudulent misrepresentations in the sale of a house, this court holds, in view of the evidence, that the judgment for the defendant can not stand.

[Opinion filed April 21, 1890.]

In error to the Circuit Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

Mr. D. Blackman, for plaintiff in error.

Messrs. Williams, Holt & Wheeler, for defendant in error.

Moran, J.   This was an action for deceit brought by plaintiff in error to recover for fraudulent misrepresentations alleged to have been made by defendant in error in the sale of a certain house and lot situated on Michigan avenue near Forty-second street in Chicago.   The case was submitted to the court for trial, and there was a finding in favor of the defendant, and from the judgment rendered thereon the appeal is prosecuted.

The false representations are claimed to have been made with regard to the materials and workmanship of a building purchased by plaintiff from defendant.   The case was submitted on the plaintiff's evidence, and on certain propositions of law, which the court was requested to hold.   It is unnecessary to discuss the propositions of law further than to say that none of them were accurate when considered in connection with the evidence in the case, and they were properly refused by the court.   There is, however, a general exception to the finding, and that has compelled an examination of the evidence,

which has led us to the conclusion that there should have been a finding for ' the plaintiff on the case as submitted. It very clearly appears from the whole proof that plaintiff was in fact "taken in " in the purchase of the house; that the house which he got was so far inferior to the house he supposed he was getting as to be at least a "disappointment," to use the mild word employed by defendant's counsel.

It is true, as argued in behalf of defendant, that many of the defects in the material and workmanship which are complained of, were patent and visible on the most ordinary inspection, and as to such defects plaintiff can not hold defendant liable. Plaintiff was in the house before he purchased, and had the opportunity to examine it, and whatever the representations made to him, he must be held to have knowledge of such faults as were not concealed or covered up, but were open to view or discoverable upon ordinary inspection.

A highly exaggerated or even a false description by a vendor of an article which is present and open to the inspection of the vendee, does not amount to such a misrepresentation as will support an action for deceit, and therefore when defendant described the lumber in the doors and floors and casings and trimmings in the house, when plaintiff was then present looking at it, as "elegant lumber," when it was in fact green, knotty, cheap and second-class, while plaintiff may have been impressed by the assertion and the manner of defendant, he was not entitled to close his eyes to the facts, and base his action on defendant's opinion of the lumber. There are many other alleged defects that were similar to the faults in the lumber, and as to which defendant's statements are not shown to be anything other than the expression of opinion.

But as to other statements, it appears to us to have been different. It appears in the evidence, without contradiction, that plaintiff told defendant during the negotiations, that he relied on his statements as to the construction. In one of the letters written by defendant to plaintiff, it is said: " I believe the house more thoroughly built than any houses built for sale; built them myself and used the best of everything. The

trim is all plinth and pilaster. All floors are deafened, attic has matched floor, headers are double, posts carrying stairs are double, stair headers are mortised and have iron shoes in addition."

The evidence of two builders called, is to the effect that the headers are not double around the fire places and around the stairway, and that there is no deafening in the floors. Ordinarily deafening is made of mortar or sand, but when paper is used, it is made by putting down a layer of paper, then strips nailed on this, and then paper onto the top of the strips. In this house the paper was laid flat between the floors with no air space, and it can not be called deafening. Now this evidence shows that some of the statements quoted from the letter were not true. From the statements by defendant that he built the house himself, it must be inferred, as he intended it should be, that he knew what the facts were, and these defects were in the nature of things concealed, and were just such matters of construction as plaintiff would have to take defendant's representations on, unless he took up the floors to see himself. Of course what is said in the opinion on these questions of fact is based wholly on plaintiff's evidence. Defendant's evidence may present matters in a different view.

It is true the case was so loosely tried, that it is not shown what the damage is arising from these defects. The evidence as to damage relates to the house with all its defects, those for which there can be no recovery, as well as those for which, as the case now stands, we think there should have been a recovery. It is shown that the representations as set out in the letter were made, and that they were made to influence plaintiff to purchase the house; that he relied upon them; that some of those that were material were untrue. It is plain that there is some damage. The house is not as good as it would be if the representations were true. How much the damage is is not shown, but under the circumstances at least nominal damages should have been assessed. 1 Sedg. on Dam., 79; Northrop v. Hill, 57 N. Y. 351; Allaire v. Whitney, 1 Hill, 484; 1 Sutherland on Dam., 12.

The judgment must be reversed and the case remanded for a new trial.                    *Reversed and remanded.*

GARY, J., takes no part in this case.

*Upon Rehearing.*

[Opinion filed October 23, 1890.]

WATERMAN, J. Having carefully considered the matters urged in the petition for rehearing, we are inclined to adhere to the opinion already announced.

The rule seems to be well nigh universal that, where a cause of action exists, at least nominal damages will be presumed and must be allowed. Sutherland on Damages, Vol. 1–12; Eaton v. Lyman, 30 Wis. 41; Kidder v. Barker, 18 Vt. 454; Fullam et al. v. Stearns et al., 30 Vt. 443.

Nor do we perceive that the fact that the plaintiff insists upon substantial damages, and neither tried his case upon a claim of, asked for, or would have been satisfied with nominal damages, can alter the rule.

It is urged that if nominal damages should have been given, we give judgment for them here, or remand, with directions that judgment be entered in accordance with this opinion. It is sufficient to say that we do not think the case in its present aspect calls for such action upon our part.         ·
                           *Reversed and remanded.*

GARY, J. took no part in this case.