## John W. Wilson and Norton L. Woodward
### v.
## Alexander F. Nilson.

*Practice—Bill of Exceptions — Embodying Documentary Evidence Therein.*

Nothing is contained in a bill of exceptions except what is attested

by the signature and seal of the judge. To be considered by this court any writing must be embodied in the bill of exceptions.

2. The embodying of a writing in the record brought to this court under the certificate of the clerk does not incorporate the writing into the bill of exceptions.

3. In the absence of something appearing upon which this court can see that the court below committed error, the presumption must be that the judgment below is correct.

[Opinion filed April 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. W. A. SHAW, for appellants.

Section 37 of the lien law of the statute of 1889, identical with statutes of the lien law of 1869. Revised Statutes of Illinois, 1869, Sec. 5 of lien law, p. 256; Revised Statutes of Illinois, 1889, Chapter 82, Sec. 37.

A lien did not attach at any time to the property mentioned in the lien notice served by appellee on appellant Woodward. Bouton et al. v. McDonough County, 84 Ill. 395; Davis et al. v. Conn. Mut. Life Ins. Co., 84 Ill. 508; Tracy v. Rogers, 69 Ill. 665; Ogden v. Stock, 34 Ill. 527.

Mere possession is not such an interest as is subject to mechanic's lien. Baxter v. Hutchings, 49 Ill. 116; Proctor et al. v. Mary Tows, 115 Ill. 150; Tracy v. Rogers, 69 Ill. 662–665.

The title being on record the mechanic is charged with notice. Baxter v. Hutchings, 49 Ill. 116.

The lien notice of appellee, though in statutory form, did not cause a lien to attach, because not addressed to owner. Legnard v. Armstrong, 18 App. 550.

To charge land with lien, original contract must be made with owner. Tracy v. Rogers, 69 Ill. 664.

It is indispensable to a mechanic's lien that the party with whom the contract is made shall have such an interest in the land sought to be charged as is liable to an execution. Bouton et al. v. McDonough County, 84 Ill. 395; Tracy v. Rogers, 69 Ill. 663.

A sub-contractor must serve his notice of lien within forty days from the completion of sub-contract or within forty days after payment should have been made, to the person performing such labor or furnishing material. Chapter 82, Sec. 31, Revised Statutes Ill., 1889; Metz v. Lowell, 83 Ill. 565.

A mechanics' lien proceeding is purely statutory, and the remedy must be pursued strictly, and the party seeking its benefit must bring himself strictly within its terms. Tracy v. Rogers, 69 Ill. 664; Simon v. Blocks, 16 App. 451.

Sub-contractor failing to show any money to be due from owner to principal contractor can not hold owner. Douglas v. McCord, 12 App. 278.

An employe of a sub-contractor can not sue an original contractor with owner jointly under Sec. 5 of the lien law of 1869. Rothberger v. Dupuy, 64 Ill. 452; Smith Bridge Co. v. Louisville, New Albany & Air Line Railway Co., 72 Ill. 506; Ahern v. Evans, 66 Ill. 125.

No appearance for appellee.

SHEPARD, J.   One of the appellants, Woodward, claiming to be the owner of a certain lot, contracted with his co-appellant, Wilson, to build a house thereon for him, and thereupon Wilson contracted with one Morehouse to do the mason work for the building. Morehouse then hired appellee to work as a mason on the job.

Appellee not being paid, he brought suit before a justice of the peace against Wilson, Woodward and Morehouse, the owner, contractor and sub-contractor, jointly under the provisions of Sec. 37, Chap. 82, Rev. Stat., concerning liens. Subsequently the case was dismissed as to the sub-contractor, Morehouse, while the case was before the justice of the peace, and a judgment rendered against Wilson and Woodward, from which judgment appeal was taken to the Circuit Court and re-tried there, with a like result.

We will not attempt any review of the evidence appearing in the record.   It is enough to say that it clearly appears

from the bill of exceptions that a paper writing which the appellee in his testimony calls "a notice," was introduced in evidence, but there is nothing in the bill of exceptions to show what the writing was. It may, for aught that appears in the bill of exceptions, have been a bond obligatory or a promissory note by Wilson and Woodward to appellee, to pay him the sum of money for which the court below gave judgment. Calling a writing "a notice" does not make it such. The paper itself should have been incorporated into the bill of exceptions so that we might see it and determine its character. Rawson v. Curtis, 19 Ill. 456.

To have entitled this court to look at the writing and consider it, it should have been preserved in the bill of exceptions. Nothing is contained in a bill of exceptions except what is attested by the signature and seal of the judge. The embodying of a writing in the record brought to this court under the certificate of the clerk, does not incorporate the writing into the bill of exceptions. For the correctness of these several propositions we refer to Byrne v. Clark, 31 Ill. App. 651; Harris v. Brain, 33 Ill. App. 510; Alley v. Limbert, 35 Ill. App. 592, and numerous cases therein cited. In the absence of something appearing upon which this court can see that the court below committed error, the presumption must be that the judgment below is correct. Schmidt v. Braley, 112 Ill. 48; Byrne v. Clark, 31 Ill. App. 651.

*Judgment affirmed.*