## STOCK QUOTATION TELEGRAPH COMPANY

### v.

## BOARD OF TRADE OF THE CITY OF CHICAGO.

*Contracts—Breach of—Practice—Damages.*

1.  It is the signature and seal of the trial judge that authenticates to this court the proceedings below, which are not a part of the common law record, and the parties to a given suit can not, by stipulation, make, or add to, the record that the court below only has power to make.

2.  A bill of exceptions should show the facts in a given case and the exceptions taken, and if defective, will be construed most strongly against the party who prepared it.

3.  Nominal damages are recoverable for breach of contract, when substantial damages have not been sustained.

[Opinion filed May 7, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Messrs. GOGGIN & WINSLOW, for appellant.

Mr. A. W. GREEN, for appellee.

GARY, J.   The appellant sued the appellee for the breach of an alleged contract between them by which the appellee was to furnish to the appellant market reports, from which it made a profit by transmitting them to its own customers. On a trial before a jury they were instructed to find for the defendant.   It is probable that such instruction was technically wrong, as from the briefs of both parties we may infer that there was such a contract and breach, and therefore the appellant was entitled to nominal damages.   Deere v. Lewis, 51 Ill. 254.

This court applied the same rule in an action for deceit. Van Velsor v. Seeberger, 35 Ill. App. 598.   Our regret that we can not correct the error is, however, mitigated by the fact that the appellant has lost no more.

The bill of exceptions states that the appellant read in evidence a contract marked as "Plaintiff's Exhibit A." Indorsed upon the bill is a stipulation of the appellee's counsel, "that the foregoing bill of exceptions and the exhibits 'A,' 'F,' hereunto attached, be inclosed in, and made a part of the record in said cause, and may be filed in the Appellate Court," and the exhibits follow. Exhibit "A" is not thereby made a part of the record on this appeal. Byrne v. Clark, 31 Ill. App. 651; Hall v. Cox, No. 4384.

It is the signature and seal of the judge that authenticates to this court the proceedings below, which are not part of the common law record, and the parties can not, by stipulation, make, or add to, the record that the court below only has power to make. Harding v. Brophy, 133 Ill. 39; Moore v. Bolin, 5 Ill. App. 556; Schwarze v. Spiegel, No. 4054. To the instruction there is no exception. The bill does recite, "motion for new trial overruled, to which ruling of the court counsel for plaintiff then and there duly excepted."

Whether anybody, and if anybody, who, moved for a new trial, does not appear. Such uncertainty is fatal. Winona Paper Co. v. Taylor, 27 Ill. App. 558; Monroe v. Snow, 33 Ill. App. 230.

There is nothing before us for review, and the judgment is affirmed.

*Judgment affirmed.*