SIMEON F. HALL ET AL.

v.

JOHN D. COX.

*Practice — Bills of Exception—Negotiable Instruments — Drafts— Damages.*

1. The finding of a trial court, based upon evidence introduced, will no more be disturbed upon appeal than will the verdict of a jury.

2. Sec. 2, Chap. 98, R. S., does not apply to a draft drawn by a person out of this State, against a person herein, nor against the drawee of such draft.

3. This court will assume that the finding of a trial court was justified by the evidence, where the bill of exceptions fails to contain all the evidence introduced. Such finding can not be overturned upon conjecture.

4. The statement in a bill of exceptions that the depositions of three persons were read in evidence, followed by the further statement that they are thereto attached and marked as exhibits " A," " B " and " C," does not incorporate into the bill of exceptions certain papers embodied in other parts of the record by the clerk, although they bear the indicating marks of exhibits " A," " B " and " C."

5. It is the certificate of the judge alone that affords authenticity to facts occurring on the trial and neither that which precedes the title page to the bill of exceptions or follows the signature of the judge, is a sufficient identification of a paper marked as an exhibit, with the one that is referred to in the bill of exceptions, although it may bear the same indicatory figure or letter.

[Opinion filed May 12, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. KNIGHT & BROWN, for appellants.

Mr. WALTER W. ROSS, for appellee.

SHEPARD, J.    The appellee is a citizen and resident of Missouri, doing business there as a banker under the name of the Exchange Bank of Polo; and the appellants are citizens and residents of Chicago, Illinois, and are copartners engaged in selling live stock on commission, at the Union Stock Yards.    One John Akin, and his son A. B. Akin, were also residents of Missouri, and were there engaged in buying and shipping live stock.

The appellee, on two occasions in October, 1890, advanced to John Aken several thousand dollars to pay for cattle shipped to appellants, upon drafts drawn upon them against such shipments, which drafts were duly paid on presentment to the appellants.    These drafts were not drawn, nor the advances made on them until after appellee had in each instance communicated by telegraph with appellants and received their answers as follows :

"U. S. YARDS, ILL., Oct. 20, 1890.
EXCHANGE BANK, Polo, Mo.

We will honor A. B. Akin's drafts for cost of stock consigned to us from three to five loads at a time, drafts to be signed A. B. Akin, by John Akin, agent, till further orders.                    HALL BROS., GRIFFITH & Co."

"UNION STOCK YARDS, ILL., Oct. 27, 1890.
J. D. Cox, Polo, Mo.

Will honor A. B. Akin's drafts, signed by John Akin, agent, for cattle consigned to us.
                              HALL BROS., GRIFFITH & Co."

Being again applied to by Akin, on the eighth of November of the same year, for an advance on another proposed shipment of cattle, appellee sent two dispatches to appellants as follows:

"POLO, November 8, 1890.
To HALL BROS., GRIFFITH & Co., Chicago, Illinois.

Will you honor John Akin's draft for one load of stock?                    JOHN D. COX, Cashier."

"POLO, November 8, 1890.
HALL BROS., GRIFFITH & Co., Chicago, Illinois.

Will you honor John Akin's draft for two loads of cattle?                    JOHN D. COX, Cashier."

And about half past five o'clock in the evening of the same day, appellee received the following telegraphic reply:

"U. S. YARDS, ILL., Nov. 8, 1890.
To JOHN D. COX, Cashier, Polo, Mo.

Your messages received too late. All members of firm had gone to city.                    HALL BROS., GRIFFITH & Co."

Before this last dispatch from appellants was received by appellee, but on the same day, Akin delivered to appellee a draft on appellants for the sum of $1,907.75, in consideration of appellee paying for two car loads of fat cattle, and appellee paid that sum for the cattle. The cattle were shipped by Akin to appellants, who received and sold them; and when the draft was presented to appellants, acceptance and payment thereof was refused and the draft was duly protested. The draft reads as follows:

Hall v. Cox.

"Exchange Bank, Polo, Missouri, Nov. 8, 1890.

Pay to the order of Exchange Bank, $1,907.75, nineteen hundred and seven 75/100 dollars. Value received, and charge the same to account of A. B. Akin.

By John Akin, Agt.

To Hall Brothers, Griffith & Co., U. S. Yards Chicago, Ill."

Appellee testified that he paid for the stock and took the draft, relying upon the prior dispatches of appellants and the statements of Akin. The draft was never paid, and appellee brought suit in assumpsit against appellants and recovered judgment for $2,119.89, from which appellants have appealed.

The declaration consisted of the common counts, and a special count upon an agreement by the appellants to accept and pay said draft, and the cause was submitted to the court for trial without a jury. There was evidence before the Circuit Court warranting a finding that appellants were acceptors of the draft by a previous promise to accept it, and in such a case the finding of the court will not be disturbed on appeal any more than would be the verdict of a jury. It is contended, however, that the court included in the amount found to be due five per cent damages on the amount of the draft, and that the allowance of such damages was such an error of law as demands a reversal.

Sec. 2, Chap. 98, R. S., entitled, "Negotiable Instruments," provides: "If any bill of exchange drawn upon any person or body politic or corporate out of this State, but within the United States or their territories, for the payment of money, shall be duly presented for acceptance or payment, and protested for non-acceptance or non-payment, the drawer or indorser thereon, due notice being given of such non-acceptance or non-payment, shall pay said bill, with legal interest from the time such bill ought to have been paid, until paid, together with costs and charges of protest, and in case suit has to be brought on such bill of exchange, five per cent damages in addition."

It is, we think, clear that the above statute does not apply to this draft. The draft in question was not "drawn upon any person or body politic or corporate out of this State," but was drawn by a person out of this State upon persons within this State. And furthermore, it is only as against the drawer or indorser that the statutes provide for the awarding of five per cent damages. The defendants below (appellants here) were neither drawers nor indorsers of the draft. They were drawees of the draft, and their liability, so far as the draft was concerned, was only on an alleged agreement to accept and honor it. If we could know from the bill of exceptions, to which alone we are entitled to look for information as to what the evidence in the case consisted of, that the trial judge included within his findings five per cent damages on the amount of the draft, in order to make up the sum for which he gave judgment, it would be our duty to reverse the case.

The common counts being included in the declaration, and it appearing in the bill of exceptions that the depositions of three witnesses on behalf of the appellee were offered and read in evidence on the trial, but it nowhere appearing in the bill of exceptions as to what the testimony of those three witnesses was, and this court not being permitted to look elsewhere to ascertain what the witnesses swore to, we are bound under the well settled law of this State to presume that there was sufficient evidence before the court below to justify its findings. Byrne v. Clark, 31 Ill. App. 651; Schmidt v. Braley, 112 Ill. 48; Wilson v. Nilson, 44 Ill. App. 209, decided at this term. And this is so notwithstanding a witness testified before the court to a computation that included the statutory five per cent damages to make up the amount found by the court. There may be a strong conjecture that the court did include the five per cent damages in its finding, but the judgment below is not to be overturned upon conjecture. City Cab Co. v. Taylor, 30 Ill. App. 47. The statement in the bill of exceptions that the depositions of three persons were read in evidence, followed by the further statement that said depositions are

Hall v. Cox.

thereto attached, marked as Exhibits "A," "B" and "C," does not incorporate into the bill of exceptions certain papers embodied in other parts of the record by the clerk, although they bear the indicating marks of Exhibits "A," "B," "C."

It is the certificate of the judge alone that affords authenticity to facts occurring on the trial, and neither that "which precedes the title page to the bill of exceptions, or follows the signature of the judge," is a sufficient identification of a paper, marked as an exhibit, with the one that is referred to in the bill of exceptions, although it may bear the same indicatory figure or letter. Harris v. Brain, 33 Ill. App. 510; Byrne v. Clark, 31 Ill. App. 651; Alley v. Limbert, 35 Ill. App. 592; Wilson v. Nilson, 44 Ill. App. 200; Stock Quotation Telegraph Co. v. Board of Trade, 44 Ill. App. 358.

The Supreme Court has said in substance in Garrity v. Hamburger Co., 136 Ill. 499, that where it affirmatively appears from the bill of exceptions that other evidence was introduced at the hearing but not copied into the bill of exceptions, a court of review will presume that the decision of the lower court was justified by the evidence not shown, if that shown was not sufficient; and cites the case of Rogers v. Hall, 3 Scam. 5. Because, therefore, the three depositions, which the bill of exceptions affirmatively shows were read in evidence below, are excluded from our inspection, for the reason that they are not incorporated into the bill of exceptions, we are bound to presume they contained sufficient evidence to support the common counts and justify the finding of the Circuit Court, and the judgment will have to be affirmed.

*Judgment affirmed.*