ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY

v.

A. W. BALTZ.

*Master and Servant—Contract of Service—Breach by Employer—Practice—Bills of Exceptions.*

1. A court of appellate jurisdiction can not look outside of the bill of exceptions to learn what took place on the trial.

2. Such court can not look elsewhere to find something, which, if found, would lack the essential evidence of authenticity by which it must be guided—the certificate of the judge before whom the case was tried. The certificate of the clerk will not do.

3. Because the bill of exceptions in the case presented fails to embody all the evidence which it affirmatively shows was offered and read on the trial, this court assumes that the judgment for plaintiff was correct.

[Opinion filed June 1, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. WILLIAMS, HOLT & WHEELER, for appellant.

Mr. HENRY M. PIERCE, for appellee.

SHEPARD, J.  This was an action to recover wages for services during the unexpired portion of a certain month in which appellee was discharged from employment.

The case was tried before a jury in the court below, and a verdict rendered upon conflicting testimony as to the justifiableness of appellee's discharge and his acquiescence therein. It should always be matter of regret by a court of review, when it is prevented from a consideration of all that occurred in the trial court simply because of an incomplete and defective bill of exceptions. It is well settled law that a court of appellate jurisdiction can not look outside of the bill of exceptions to learn what took place on the trial.

In this case it affirmatively appears in the bill of exceptions that a certain paper called a schedule of rates, rules and regulations, and argumentatively treated as an agreement between the parties litigant concerning the right of discharge of employes by appellant, marked Exhibit "A," together with another paper called a pay check, and argumentatively treated as a receipt in full by appellee, marked Exhibit "B," were offered and read in evidence by the appellant, but neither the one nor the other of said exhibits appear anywhere within the limits of the bill of exceptions, and we are not at liberty under the law to hunt elsewhere to find something, which, if found, would lack the essential evidence of authenticity, by which alone we are permitted to be guided, viz., the certificate of the judge before whom the case was tried.    Byrne v. Clark, 31 Ill. App. 651; Emerson v. Clark, 2 Scam. 499; Stock Quotation Tel. Co. v. Board of Trade, 44 Ill. App. 358.

The certificate of the clerk will not do; and although the record certified to by the clerk does contain certain papers marked as exhibits "A" and "B," which are not in the bill of exceptions, we can not know that they are the identical papers read in evidence.    Harris v. Brain, 33 Ill. App. 510; Wilson v. Nilson, 44 Ill. App. 200.

For aught that appears in the bill of exceptions, one or the other, or both, of the papers referred to, may have contained evidence amply sustaining the verdict, and justifying the rulings and judgment of the court.

Because, therefore, the bill of exceptions fails to embody all the evidence which it affirmatively shows was offered and read on the trial, we must presume that the judgment of the court below was correct.

*Judgment affirmed.*