44  515
60  581

# Albert H. Thompson

## v.

# William C. Seipp and Thies J. Lefens, Executors and Trustees.

*Verdicts—Bills of Exceptions.*

1. Verdicts of juries of themselves are not proper subjects of exception. It is only rulings of courts that can be excepted to.
2. The settling and signing of a bill of exceptions is a judicial act and can not be delegated even when the trial judge dies, having failed to sign such bill, nor by stipulation of parties.
3. Permission to file a defective paper subject to the consideration of a court, can give it no validity.

[Opinion filed June 8, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. George Driggs, Judge, presiding.

Mr. Frank F. Aring, for appellant.

Messrs. Winston & Meagher and Heap & Whitfield, for appellees.

Shepard, J.   Even if we were at liberty to consider the paper on file in this court in this cause, and which is called a bill of exceptions, we should be obliged to affirm the judgment appealed from.   No exception is anywhere disclosed to the overruling of the motion for a new trial or to any other action or ruling of the court below.   There is disclosed an exception to the verdict of the jury, but not to any ruling of the court thereon.   Verdicts of juries of themselves are not proper subjects of exception.   It is only rulings of the court that can be excepted to.

But back of all is the fact that there is no bill of exceptions here.   However unfortunate the condition of appel-

lant may be, arising out of the fact that the learned circuit judge, before whom the case was tried, departed this life, leaving a bill of exceptions in this case unauthenticated by his signature, we are powerless to relieve him.

A bill of exceptions is the pleading of the party, and without one we have nothing before us.    Rogers v. Hall, 3 Scam. 5; Gerrity v. Hamburger Co., 136 Ill. 499; Alley v. Limbert, 35 Ill. App. 592.

The settling and signing of a bill of exceptions is a judicial act and can not be delegated.    Emerson v. Clark, 2 Scam. 489; Byrne v. Clark, 31 Ill. App. 651.

Nor can it be by stipulation of parties.    It is the judge's signature and seal alone that lends authenticity to a bill of exceptions.    Stock Quotation Tel. Co. v. Board of Trade, 44 Ill. App. 358, and cases cited; Hall v. Cox, 44 Ill. App. 382, and cases cited.

The order that was entered in this court on March 24, 1892, by consent of appellees' counsel, giving leave to file said paper, called a bill of exceptions, subject to the further consideration of this court, injected no life or force into the paper, and after full consideration of the whole matter we feel constrained, under well settled rules, to affirm the judgment.

*Judgment affirmed.*