## H. B. Van Velsor v. C. D. Seeberger.

1. VENDOR AND VENDEE—*False Representations.*—In a dwelling house there are many things not obvious to a man of ordinary intelligence and others not discoverable except upon a careful examination. As to these a vendor may be silent; but if he be more, if he willfully misrepresent and knowingly induce the vendee to rely upon a false affirmation, he can not protect himself by showing that had the vendee made a careful examination he would have ascertained that a lie had been told him.

2. SAME—*Right to Rely upon Positive Statements.*—A person has a right to rely upon positive statements or warranties of a vendor as to the quality of an article he offers for sale, where the article is not present, or if present, its appearance does not contradict the representations.

3. DAMAGES—*Action for Deceit.*—In an action for deceit based upon fraudulent representations in the sale of land, the measure of damages is the difference between the value of the land as it would have been if as represented and as it actually was.

4. SAME—*When Nominal, May Be Given.*—Without proof of actual damages, so definite in amount that the jury can therefrom arrive at a sum as actual damage, only nominal damages can be given.

5. WARRANTIES—*Or Expressions of Opinion.*—As to ambiguous statements concerning quality, whether they are positive assertions of fact or mere expressions of opinion, is a question of fact for the jury.

**Trespass on the Case,** for deceit in the sale of a house. Error to the Superior Court of Cook County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed June 24, 1895.

D. BLACKMAN, attorney for plaintiff in error.

WILLIAMS, HOLT & WHEELER, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This is the second appeal to this court from judgment for the defendant in an action on the case for deceit by way of alleged fraudulent representations in respect to a house sold by the defendant to the plaintiff.

There was upon the trial from the judgment in which

Van Velsor v. Seeberger.

this appeal is prosecuted much evidence tending to show that the defendant did willfully and fraudulently deceive the plaintiff as to the character of the house, and that appellant was damnified thereby.

The defendant was the builder of the house, and so told the plaintiff; it was therefore apparent to plaintiff that when the defendant spoke of the material used in the construction of the house and the way in which it was built, he told of that concerning which he had knowledge, and made representations upon which, in so far as they were plain, explicit statements as to quality and quantity of material and workmanship, plaintiff had a right to rely, if the evidence of his senses when he examined the house did not inform him otherwise.

Plaintiff did go through the house, and had an opportunity to examine it as he liked; nevertheless, under the circumstances, if he, relying upon the representations of defendant, did not make as thorough an examination as was possible, and was thus deceived, he is not remediless.

Where a buyer relies on a seller's representations, he is not, as to matters not plainly obvious, deprived of his right to relief, because he had the means of discovering that the representation was false.

If a seller, standing with the buyer in front of a house, declares that it is fifty feet wide when it is but twenty, or that it is four stories in height when it is but one, such statement made under such circumstances will not form the basis of an action for deceit.

The representation of the thing itself, "because things seen are mightier than things heard," outweighs the spoken words, and there is no deception. In a dwelling house there are many things not obvious to a man of ordinary intelligence, and others not discoverable except upon a careful examination; as to these a vendor may be silent; but if he be more, if he willfully misrepresent and knowingly induce the vendee to rely upon a false affirmation, he can not protect himself by showing that had the buyer made careful examination he would have ascertained that a lie had been

told him.   Benjamin on Sales, 382, 390, American edition of
1888; Parley v. Freeman, 3 Term Rep. 51; Antle & Bro. v.
Sexton et al., 137 Ill. 410; Endsley v. Jones, 120 Ill. 469;
Rodgers v. Niles, 11 Ohio State 48; Foster v. Charles, Bing.
396; Same v. Same, Bing. 103; Brown v. Sayles, 27 Vt. 227;
Peck v. Gurney, L. R., 6 H. L. 409, 13 Equity 79; Birdseye v.
Frost, 34 Barb. 367; Meickley v. Parsons, 66 Iowa 63.

Applying this rule to the case under consideration, we
find that the defendant wrote of this house as follows:

"The house is thoroughly built and with every reference
to convenience and comfort.

The houses were built in a thorough and substantial man-
ner, and by the best mechanics.   I have not wasted money
on them, but have built them much better than ordinary
contract houses; they are built to stay.   There yet remains
some finishing touches to the inside painting, otherwise they
are ready for occupancy.

I believe the house more thoroughly built than any houses
built for sale; built them myself and used the best of every-
thing.   The trim is all plinth and pilaster.   All floors are
deafened; attic has matched floor, headers and double joists
carrying strain, and double stair-headers are mortised and
have iron shoes in addition.   Window lintels of iron."

According to the testimony of the plaintiff the defendant
also said "he had absolutely used the best material and the
best workmanship in the construction of the house; that it
was an exceptionally well built house."

The defendant was in the business of building houses, and
built the one of which he thus spoke; it was not entirely fin-
ished when the plaintiff examined it, but was nearly so; the
greater portion of it was painted; the crevices and cracks
that from the shrinking of the lumber afterward appeared,
did not then exist; the house had not settled so as to throw
the doors out of adjustment or disturb the plumbing and
sewerage; the inferior character of the hardware might
have been, from the evidence it would seem was, obvious if
careful examination were made, and a builder would prob-
ably have noticed that the flooring joists were not suffi-

ciently supported, and that the house was not "more thoroughly built than any houses built for sale," or in a "thorough and substantial manner by the best mechanics," "with every reference to convenience and comfort," and that it was not "an exceptionally well built house in which the best material and workmanship had been used."

These statements were made by one who not only must be presumed to, but actually did know concerning that of which he spoke.

A shoemaker or a lawyer might buy material, hire mechanics, build a house, and think it to be thoroughly well built of the best materials, when it was not; but no such presumption can be indulged of the defendant, who was engaged in the business of building. The plaintiff had every reason for believing that the defendant knew the truth and was telling it. Much that was said was concerning things that one not an expert in such matters could not ascertain by any examination the plaintiff was, under the circumstances, called upon to make.

Many of the representations of the defendant were concerning material matters, and under the circumstances were such as the plaintiff had a right to rely upon. Lockridge v. Foster, 4 Scammon 569; Baker v. Rockbrand, 118 Ill. 365; Mitchell v. McDougal, 62 Ill. 498.

At the instance of the defendant the court gave the following instruction:

"No. 7. The jury are instructed that the purchaser of a house is bound before purchasing to make reasonably careful inspection for himself, in order to ascertain its character and quality, and he is bound by any facts which such inspection would have disclosed. He can not relieve himself from his duty of inspection by neglecting or refusing to make it, so long as the seller does nothing to dissuade or prevent him from making it. And the purchaser is bound not only by what such an inspection would have disclosed to himself personally, in view of his particular knowledge or ignorance of the subject, but what such an inspection would have disclosed to a person of ordinary intelligence and capacity making careful inquiry into the subject."

There is no more duty resting upon the purchaser of a house to inspect it before buying than there is upon the buyer of any other article.

Any person has a right to rely upon positive statements or warranties of a vendor as to the quality of an article he offers for sale, where the article is not present, or if present, its appearance does not contradict the representations.

A positive statement of quality, the truth or falsity of which is not apparent, has a tendency to dissuade one from making an inspection.

The court also, at the request of the defendant, gave the following instruction:

" No. 11.   If the jury shall believe from the evidence that the defendant recklessly or willfully made false representations to the plaintiff in respect to material facts about the construction or quality of the house, still the plaintiff can not recover for any such representations which relate to matters that were open to the inspection and scrutiny of the plaintiff before he made his purchase.   As to all such matters plaintiff is bound by what he saw, or by what he might have seen had he examined the house, unless he, the plaintiff, was misled by the defendant by false representations, by reason of which he, the plaintiff, failed to examine the house."

There may be found cases which justify this, but they are no longer authority.   The law to-day stands upon a higher plane and enforces a better morality.

A vendor may not willfully make false representations as to material facts about the construction or quality of a house and escape liability therefor by showing that the matters of which he spoke were open to the inspection and scrutiny of the defendant, and that if he believed the lie it was his own fault.   Such is not, in this generation, either the law or a description of common honesty.   Benjamin on Sales, 382–390;  Witherwax v. Riddle, 121 Ill. 140.

In an action for deceit based upon fraudulent representations in the sale of land, the measure of damages is the difference between the value of the land as it would have

been if as represented and as it actually was. Sedgwick on Damages, Sec. 1027; Drew v. Bell, 62 Ill. 164; Budlong v. Cunningham, 11 Ill. App. 28.

While the sixth instruction asked by the plaintiff announces this rule, yet the jury should not, unaided by the court, be left to determine what representations are material.

Without proof of actual damages so definite in amount that the jury can therefrom arrive at a sum as actual damage, only nominal damages can be given. Van Velsor v. Seeberger, 35 Ill. App. 598.

We do not regard all the representations of the defendants as mere expressions of opinions; some were such as the plaintiff had, under the circumstances, a right to rely upon. Manning v. Alhee, 11 Allen 520; Brown v. Krause et al., 132 Ill. 177.

As to ambiguous statements concerning quality, whether they are positive assertions of fact or mere expressions of opinion is a question of fact for the jury, and the intention of the parties may be gathered from the surrounding circumstances. Benjamin on Sales, 608.

We regard the motion for a new trial in the court below and the assignment of errors here made as sufficient to raise the questions here discussed.

The judgment of the Superior Court is reversed and the cause remanded.