## Supreme Lodge, Knights and Ladies of Honor, v. Conrad Rehg.

1. BILL OF EXCEPTIONS—*when. cannot be signed by another than the trial judge.* The fact that the trial judge was sick at the time of presentation is not sufficient showing to authorize another judge to sign a bill of exceptions showing what occurred at the trial of the cause.

2. BILL OF EXCEPTIONS—*what remains for review in absence of.* In the absence of a bill of exceptions there remain no questions which can be considered upon appeal other than such as arise upon the common-law record.

3. INTEREST—*right to recover, upon benefit certificate.* Where recovery is had in a suit upon a benefit certificate, an allowance of interest, under the statute authorizing the allowance of interest upon written instruments, is proper.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM HARTZELL, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed September 9, 1904.

HAMILL & TECKLENBURG, for appellant; ASHCRAFT & ASHCRAFT, of counsel.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On October 25, 1900, appellant issued a benefit certificate upon the life of Esther A. Rehg for the sum of $500, payable at her death to her husband, Conrad Rehg, the appellee. Afterwards, on April 1, 1902, appellee brought this suit upon the certificate, alleging in his declaration, among other things, that said Esther A. Rehg departed this life on September 7, 1901. There was a jury trial, which resulted in a verdict in favor of appellee, and judgment was entered against appellant for $526. Numerous errors are assigned by appellant, which, under the conditions of the record, we are unable to consider.

The record contains what purports to be a bill of exceptions in the case signed by the Hon. Benjamin R. Burroughs, one of the judges of the third judicial circuit, and contains this statement made by him: "This is signed by me (although the case was tried before Judge Hartzell) for the reason that Judge Hartzell is out of the circuit, sick." The statement above given does not show a sufficient reason for the failure to obtain the signature of the trial judge to the bill of exceptions. In the case of David v. Bradley, 79 Ill. 316, where the question of a proper bill of exceptions was under consideration, it was said: "All the proceedings * * * as shown by the record, took place before the Honorable Lambert Tree, judge. The bill of exceptions incorporating the proceedings is signed by the Hon. John G. Rogers, one of the judges of the Circuit Court of Cook county. Such a bill of exceptions, signed by one judge, which contains proceedings that took place wholly before another judge, without consent and against objection made at the time, as appears here, is irregular and unauthorized, and we cannot notice the same. The bill of exceptions must be signed by the judge who tries the cause or before whom the proceeding takes place." In the case of Thompson v. Seipp, 44 Ill. App. 515, the following language is used: "The settling and signing of a bill of exceptions is a judicial act and cannot be delegated. Emerson v. Clark, 2 Scam. 489; Byrne v. Clark, 31 Ill. App. 651. Nor can it be by stipulation of

parties. It is the judge's signature and seal alone that lend authenticity to a bill of exceptions." It was held in Staunton Coal Co. v. Menk, 99 Ill. App. 254, that where two judges take part in the consideration of different portions of the same case, the matters occurring before different trial judges should be preserved by separate bills of exceptions, each judge certifying to that portion of the cause which was heard before him.

It is unnecessary for us to discuss the question whether the parties could, by stipulation, confer the legal power of signing the bill of exceptions upon a judge who did not try the cause, as no such agreement appears in this record. The statement in the bill of exceptions, that Judge Hartzell, who tried the cause, was " out of the circuit, sick," was not sufficient to authorize another judge to sign the bill of exceptions. It may be that, notwithstanding his absence from the circuit and illness, the trial judge could readily have settled the bill of exceptions and certified to the same.

With the bill of exceptions eliminated from the record, there remains no question which we could consider except such as might arise upon the common-law record. Estate of Nester v. Carney Bros. Co., 98 Ill. App. 630. The errors assigned here, however, all relate to questions arising upon the bill of exceptions, consequently there is nothing before us requiring the consideration of this court.

The appellant lays particular stress upon the fact that while the benefit certificate was but for the sum of $500, the judgment entered against it was for $526. It insists that the judgment against it could not, in any event, be for more than the face of the certificate. While we do not consider this question properly before us, yet, if we could consider the same, we would have to hold that the objection was not well taken. The declaration alleged that proof of the death of Esther A. Rehg was made in September, 1901, in manner and form as required by the appellant's rules, laws and regulations; that demand was made and payment thereof refused, to the damage of appellee of $1,000. If proper proof of the allegations of the declara-

tion were made, which we must assume to have been done under the conditions of this case, appellee was entitled to legal interest upon the face of the policy, which would account for the size of the verdict.

The judgment of the court below will be affirmed.

*Affirmed.*