264     APPELLATE COURTS OF ILLINOIS.

Ford v. Union Automobile Indemnity Assn., 229 Ill. App. 264.

## G. W. Ford, Appellee, v. Union Automobile Indemnity Association, Appellant.

1. INSURANCE—*when erroneous admission of evidence of offer of settlement by insurer not cured by subsequent striking out.* In an action to recover insurance for the destruction of an automobile by fire, prejudicial error was committed where the insured was permitted, over objection, on his direct case to ask an officer of the insurer, which denied liability on the ground of fraudulent representations by the insured as to material matters, whether an offer of settlement for a substantial sum had not been made by him, and to prove that such offer had been made, upon denial thereof by the officer, by refusal to strike out such testimony, even though the ruling was subsequently reversed and the evidence stricken, the evidence having been heard by the jury.

2. INSURANCE—*sufficiency of notice of loss to insurer.* An insurer has sufficient notice of the loss of an insured automobile within the meaning of a policy requiring written "notice of loss" and not "proofs of loss," especially where the insurer did not call for further proof of loss or then object to the notice of loss, where the insured, within the time limited in the policy, went to the office of the insurer and there gave full information as to his loss to an employee of the insurer to whom he was directed by another employee and signed a statement containing such information, even though the amount of damage in dollars was not therein stated and the statement was not sworn to by insured.

3. INSURANCE—*materiality of representations in application not a jury question.* It is error to instruct the jury, in an action by the insured to recover the amount of a policy insuring him against loss of his automobile by fire, that if they believe from the evidence that the insured did not make any material misrepresentations or conceal any material facts and that he performed all the conditions of the policy on his part to be performed and that he suffered the loss claimed, they shall assess damages for him, where no instruction is given explaining what constitutes a material misrepresentation.

4. INSURANCE—*when instruction allowing insured full compensatory damages is erroneous.* An instruction which allows the jury to assess such damages as will compensate the insured for any loss which he may have sustained is erroneous where the policy limits the amount of recovery to four-fifths of the list price during the first year of the car's age and to one-half during the third year and the undisputed evidence shows that the car was destroyed during the third year after its manufacture and that its list price

at the date of manufacture was $1,795, although the insured had represented it to be in its first year and the list price to have been $2,195 and that he had paid cash in that amount for it on a specified date, and the evidence shows that the car was not new but second-hand when the insured bought it, although he testified that it had the appearance of a new car, and that he paid no cash for it but traded an old car and an $800 equity in a house and lot for it.

5. INSURANCE—*when amount of verdict erroneous as against the evidence.* A verdict for $1,375 for damages for loss of an insured automobile is erroneous as against the preponderance of the evidence in an action on an insurance policy in the application for which insured represented the car to have been manufactured in 1921, that he purchased it new and unused in that year for its list price, $2,195, and paid cash in that amount for it, where the undisputed evidence showed that it was a 1919 car, had been driven from ten to fifteen thousand miles and repaired frequently, that its list price in 1919 was $1,795, that the insured had not paid any cash for it but had traded an old used car and his equity in a house and lot, the value of such equity being shown to have been about $800, and where the insured did not deny such facts but testified that the car had the appearance of a new car when he bought it, and where the policy by its terms limits the amount of recovery on a car of that year and price to not exceed $897.50.

Appeal by defendant from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed April 23, 1923. Opinion modified and rehearing denied June 26, 1923.

KENNEDY & KENNEDY, for appellant; LIVINGSTON & WHITMORE, of counsel.

FRANK GILLESPIE and COSTIGAN & WOLLRAB, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an appeal from a judgment of $1,375 recovered by appellee upon a policy of insurance issued September 1, 1921, by appellant to indemnify appellee against loss by fire and other accidents to an automobile owned by appellee. Appellee was one of the subscribers to the Union Automobile Indemnity Associa-

tion of Bloomington, and joined said association by signing a power of attorney and application for insurance, which was made a part of the policy. The policy indemnified appellee in section 1 against actual loss or damage to the automobile, with standard equipment as delivered by the manufacturer, excluding additional equipment, unless listed and itemized on the application and attached to said automobile at the time of loss or damage. It was further provided that the maximum amount payable to the subscriber for loss shall be determined by use of the schedule in condition number 3 of the contract, but the association's total liability, under this clause, is limited to the amount specifically written in section 1. It was further provided, in condition number 3, which includes loss by fire: "The maximum amount payable to the subscriber under section 1 of this contract will be determined by the age of the automobile insured.  *  *  * In determining the age of an automobile begin with the year in which the automobile insured was manufactured; to the following January 1st, shall constitute the first year; to each succeeding January 1st, an additional year. For example, an automobile manufactured or put in use in 1918 will on January 1, 1919, be considered in its second year, and on January 1, 1920, be in its third year, and so on for all aged automobiles. The following scale shows the maximum amount of insurance allowed for different years: First year or season 4/5 of the list price;  *  *  * second year or season 2/3 of the list price; third year or season ½ of the list price; fourth year or season ¼ of the list price; fifth year or season 1/5 of the list price." It was further provided that on all automobiles no longer manufactured, or second-hand cars, there should be a deduction of 10 per cent of the list price from the amount obtained by use of the scale, and that the term "list price" should be construed to mean the manufacturer's advertised price of the automobile insured f. o. b. at point of manufacture, and does not

cover extra equipments or increased values unless covered specifically for an additional amount by indorsement signed by the attorney in fact and attached to the policy.

As to notice of loss the contract provided: "In the event of loss the subscriber shall, as soon as practicable after he ascertains the fact of such loss, give the attorney in fact written notice of any accident, claim, loss or suit covered hereunder, with fullest information obtainable, and shall take all necessary steps to protect the property herein covered from further damage. * * * It is a condition of this contract that failure on the part of the subscriber to inform the Association, at Bloomington, Illinois, in writing of any accident, claim, loss or suit hereunder within sixty (60) days of the date of such accident, claim, loss or suit, shall render such claim null and void."

The contract further provides as to misrepresentations by subscriber: "This entire contract shall be void if the subscriber has concealed or misrepresented in writing, or otherwise, any material fact or circumstances concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the subscriber touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Under this policy appellant indemnified the appellee to the amount of $1,600 upon a Chandler car with a "chummy" style of body, built in the year 1921, with the cost of the car represented at $2,195. Appellee, in his application, represented and stated that the car was manufactured in 1921, and that it was originally purchased, and unused, from the manufacturer or its agent July 14, 1921; that the original list price of the car when new was $2,195, and that the applicant paid in cash for said car $2,195, and that the car was purchased by applicant from the M. & N. Motor Company of Eldorado, Kansas. Appellee suffered a total loss

of said car by fire on the 21st day of September, 1921, and brought this suit.

The declaration consists of one special count, to which appellant filed the general issue and a special plea, setting out the provisions of the policy and charging that the plaintiff did not, in his said application, make fair and true answers to the questions therein as to the year in which the automobile was built, and as to the original list price of said automobile when new, and as to how much the plaintiff paid for said automobile, new or second-hand, and charging erroneous and false representations, and that the same were material representations upon which appellant relied in issuing said policy, and that the same were false and untrue, and so known to the appellee to be false and untrue, and appellant pleaded that by reason of such fraud, concealment and false representations on the part of appellee, the policy was void. There was replication filed and issue formed on the pleadings.

Appellant complains of various rulings of the court in the admission and exclusion of testimony, some of which are fairly subject to criticism, but we forbear going into the various questions raised except as to one ruling by the court. Appellee, on his direct case, called L. F. Shepard, secretary of appellant company, to the witness stand and asked the witness whether, after the fire in this instance, he made the plaintiff an offer of $200 in the way of settlement, to which there was an objection made and overruled. The witness denied making any such offer. Thereupon, over the objection of appellant, the appellee was permitted to show by the witness Edgar Ford that appellant company, through its secretary, L. F. Shepard, offered $300 in settlement of the case, further stating that said Shepard stated he did not believe appellee was entitled to anything but would give him $300 in settlement. Motion was made to strike this evidence from the record and was overruled by the court. It is true that

later the court reversed this ruling and struck the evidence from the record, but the testimony had been heard by the jury and it was exceedingly prejudicial to appellant's defense and would strongly incline a jury to the belief that if a settlement of $300 was offered appellant thereby admitted a liability. *Lycoming Fire Ins. Co. v. Rubin,* 79 Ill. 402; *Village of Warren v. Wright,* 103 Ill. 302; *City of Chicago v. McKechney,* 205 Ill. 480.

Appellant contends that appellee, plaintiff below, did not on the trial establish that he had performed all of the conditions required to be performed by the insured; that no proofs of loss were ever furnished to appellant. It appears that on the 28th day of September, 1921, appellee went to the office of the appellant and gave information as to his loss, making statement to a young lady, who was pointed out to him by an agent of the company, which statement contained full information as to the accident and loss, and which was signed by appellee, but no statement was made as to the amount of dollars of the damage. It was shown that the car was burned, including the body, and later the remnants of the car were delivered to appellant, or notice given of their immediate location and where the same could be examined. There was a contention in the evidence as to whether appellee was sworn to the statement signed by him. After this, appellant never called for further proofs but denied liability and refused to pay the loss and now contends that the proofs of loss or notice were insufficient and defective, and that appellee cannot recover under his declaration, based upon a waiver of proofs of loss, not showing that complete proofs of loss were furnished. No waiver of loss was averred in the declaration. It will be noticed that under the terms of the policy the words "Proofs of loss" are not required. This provision merely requires a notice of the loss. It was immaterial whether this notice was sworn to or not. It may be that appellee should have given notice of the

270      APPELLATE COURTS OF ILLINOIS.

Ford v. Union Automobile Indemnity Assn., 229 Ill. App. 264.

amount of his damage in dollars and cents, and it is possible that the notice of loss in this case was defective. We do not pass upon that question. A notice of loss was given. This is not a case where appellee is claiming a waiver of the notice of loss. The notice as given, whether defective or not, and if not objected to or if appellant company did not call for or require further particulars, was a sufficient compliance with the provisions of the policy requiring a notice of loss. *Insurance Co. of North America v. McDowell,* 50 Ill. 120; *Continental Ins. Co. v. Rogers,* 119 Ill. 487; *Eberhart v. Aetna Ins. Co.,* 217 Ill. App. 359; *Miner v. New Amsterdam Casualty Co.,* 220 Ill. App. 79, and it is the opinion of this court that the language used in any of the instructions as to waiver of proofs of loss was mere surplusage.

Appellee submitted to the court only three instructions, one in regard to notice of loss, one in regard to the credibility of witnesses, and plaintiff's instruction number one. This instruction, number one, informed the jury that if they believed from the evidence, etc., "that in procuring said policy of insurance, the plaintiff did not make any misrepresentation of any fact or facts stated in said application for insurance material to the risk undertaken by the defendant, and that he did not conceal any fact material to such risk, and that the plaintiff has performed all conditions of said policy of insurance on his part to be performed; and that the plaintiff has suffered damage from fire to the car in question, then you should find a verdict for the plaintiff and assess his damages at such sum as will compensate him for any loss which he may have sustained, if the same is proven by the evidence."

Appellant insists that this instruction was error, in that no instruction of the entire series was given informing the jury or explaining what constituted a material misrepresentation, and that it left to the jury to decide as to whether any representation or misrepresentation was or was not material. Further, that

the instruction was erroneous in allowing the jury to assess such damages as would compensate the plaintiff for any loss, etc. Under the law of this State, it is certainly error to leave to a jury to determine from a state of facts what is a material representation or what is not a material representation. *Hancock v. Knights of Security,* 303 Ill. 66; *Baker v. Summers,* 201 Ill. 52; *Endsley v. Johns,* 17 Ill. App. 466; *Van Velsor v. Seeberger,* 59 Ill. App. 322. In the later case the court says on page 327: "While the sixth instruction asked by the plaintiff announces this rule, yet the jury should not, unaided by the court, be left to determine what representations are material." The instruction is further criticised in its statement as to the amount of compensation to be allowed appellee.

Evidence was offered by appellant, which was uncontradicted, showing that the car in question was manufactured by the Chandler Company at Cleveland, Ohio, in 1919, and from Cleveland shipped to a distributing agent in Kansas City and later was shipped to Wichita to another distributing agent, and came into the hands, as a purchaser, of the M. & N. Company at Eldorado, where it had been in use as a demonstrating car for a considerable length of time.

Appellant further offered in evidence testimony, which was uncontradicted, that the list price of the car at Cleveland in 1919 was $1,795, and testimony tending to show that this car in August, 1921, had been driven from ten to fifteen thousand miles and was a second-hand car, and had been repaired at different times. Appellant offered testimony, which was uncontradicted, that appellee did not purchase this car and pay $2,195 or any other sum in cash for the car, but that the appellee traded an equity which he had in a contract for a house and lot in Eldorado, Kansas, for this car, and another Dodge car, and appellant offered testimony tending to show that appellee's equity in this house and lot, which was traded for the

car, did not exceed $800 paid for the car and the Dodge second-hand car.

Appellee does not controvert the fact that the list price on the car, when new at Cleveland, Ohio, the place of manufacture, was $1,795, but seeks to show that by transportation expenses and other additions the value of the car was $2,195 at Eldorado, when purchased. Neither does appellee in any manner contradict the manufacture of the car in 1919, but by his own testimony and that of other witnesses presents proof that in August, 1921, it had the appearance of being a new car. Appellee does not pretend by his proof that he paid any sum in cash for this car, but in his testimony fixes the value upon the house and lot in Eldorado, of which he had an equity by contract, together with certain improvements, and additions that he had placed thereon by which, appellee testifies, that, in such value, he purchased this car and that he paid the $2,195 for the car, while it is shown by a very great preponderance of the evidence, including that of bankers, real estate agents and many citizens of Eldorado, that the house and lot was worth not to exceed $1,500, and deducting the unpaid payments, etc., would not leave an equity in said real premises in the appellee of over $800.

It will be noticed that by the contract of insurance, it was covenanted and agreed that the value of the car should be based upon its list price at place of manufacture, without any other or extra charges, expenditures or additions, which, in this case, was $1,795. It was further agreed and contracted between the parties that a car manufactured in the year 1919 should be in 1921 in its third year, for which not more than one-half of its original list price could be recovered under the terms of this policy. In this state of the proof and under the terms of appellee's agreement, he was not entitled to recover in this case more than the sum of $897.50, yet under the instruction the jury

were informed that appellee was entitled to recover the amount of his loss, regardless of the terms of said policy. This was error, not only in the giving of the instruction, but in that the amount of the verdict is against the very great preponderance of the evidence.

There are errors appearing in this record upon which the judgment of the lower court will have to be reversed. The jury were not properly instructed. Under no circumstances, upon the evidence as presented, was the plaintiff entitled to recover more than the sum of $897.50. For the errors in the record, the judgment of the lower court is hereby reversed and the cause remanded.

*Reversed and remanded.*