JAMES M. MILLER

v.

JOHN S. JENKINS.

1. BILL OF EXCEPTIONS — *not sealed.* Where there appears to be no seal to the bill of exceptions as transcribed into the record, and no suggestion of a diminution of the record is made by appellant, it will be presumed that there was none to the original bill.

. 2. SAME — *must be sealed.* The statute 13 Edward I, chapter 31, required that a seal should be attached to the bill of exceptions, and since that time the British courts have regarded it essential. And the 21st section of our practice act requires a bill of exceptions to be signed and sealed by the judge trying the case, and thereupon the exception becomes a part of the record. If it is wanting in either of these requirements it fails to become a part of the record.

3. SAME. Where there is no seal to a bill of exceptions this court will not look into it to see if there is error.

APPEAL from the Circuit Court of Bond county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was an action of assumpsit, brought by John S. Jenkins, against James M. Miller. The declaration contained the common counts for work and labor. Defendant filed the general issue with a notice of set-off.

At the return term a trial was had before the court and a jury. After hearing the evidence and instructions of the court, the jury found a verdict for the plaintiff for $182.25, and thereupon the defendant entered a motion for a new trial. The grounds for a new trial were, that the court refused proper instructions for the defendant; because the jury disobeyed the instructions of the court; because the officer having the jury in charge conversed with the jury as to what verdict they should find. In support of the last ground affidavits were filed.

What purports to be a bill of exceptions is without a seal; and it contains the grounds for the new trial. The motion

was overruled by the court and judgment was rendered on the verdict. Defendant prosecutes this appeal to reverse the judgment, and relies upon the overruling of the motion for a new trial as error.

Messrs. PHELPS & MOORE, for the appellant.

Mr. WM. H. UNDERWOOD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the County Court of Bond county, against appellant. The venue of the cause was afterward changed to the Bond Circuit Court. A trial was had resulting in a verdict in favor of appellee. A motion for a new trial was entered, which was overruled by the court, and a judgment was rendered on the verdict; the case is now brought to this court by appeal, and various errors are assigned, all of which arise on the overruling of the motion for a new trial.

Appellee insists, that the questions sought to be raised do not arise on the record, inasmuch as what was designed for a bill of exceptions is not sealed. An inspection of the transcript brought to this court shows that it is not sealed, nor does it purport to be. And as appellant's counsel made no suggestion of a diminution of the record, we must infer that there is no seal to the original bill, of which this is a transcript. If incorrectly copied, the inaccuracy could have been readily corrected by a writ of *certiorari.*

Having no seal annexed, is this such a bill of exceptions as we can regard in determining the case? As early as 1285, the 13 Edward I, chapter 31, was enacted. It declared that "when one that is impleaded before any of the justices doth allege an exception, praying that the justices will allow it; which if they will not allow, if he who alleged the exception, do write the same exception, and require that the justices will put their seals for a witness, the justices shall do so; and if one will not, another of the company shall." Since the adoption of this

statute in Great Britain, the courts have regarded a seal as essential to the validity of a bill of exceptions.

The 21st section of our "practice act," R. S. 416, declares, that, "if, during the progress of any trial, in any civil cause, either party shall allege an exception to the opinion of the court, and reduce the same to writing, it shall be the duty of the judge to allow the exception, and to sign and seal the same; and thereupon the exception shall become a part of the record of such cause. This section has prescribed the mode by which a bill of exceptions may be made; and to become a part of the record the exception must be reduced to writing, and signed and sealed by the judge. If, wanting in any one of these requirements, it fails to become a part of the record, and this court can only inspect the record of the court below, — we cannot look outside of or beyond the record as made by that court, to see what transpired in the case.

In the case of *James* v. *Sprague*, 2 Scam. 55, it was held, that, if the paper purporting to be a bill of exceptions, did not purport, as copied into the transcript, to have been signed and sealed, this court would not regard it as a part of the record and held the objection as fatal, and this too when the objection was taken on the hearing, and not by motion to strike it out of the record. While no very satisfactory reason can be assigned why a bill of exceptions should be sealed as well as signed, still the general assembly has required it, and its will thus expressed must be obeyed. That body have the right to impose such terms and conditions as it seems to them the administration of justice requires, before a matter not a part of a record shall become such. It is not for the judicial department of the government, to pass upon the wisdom or the necessity of the requirement. The courts must carry out the legislative will. If found to be harsh or productive of great inconvenience, or to obstruct or even delay the administration of justice, the legislature would no doubt remedy the evil. The statute requires that the bill shall be sealed, as imperatively as the law requires a deed conveying real estate to have a seal attached.

We are therefore unable to look into this paper to see what was excepted to by appellant on the trial below; and as no other errors are relied upon, the judgment of the court below must be affirmed.

*Judgment affirmed.*