The People v. Coultas.

---

THE PEOPLE, use, etc.

v.

OLIVER COULTAS.

1. BOND FOR COSTS—SUIT IN NAME OF THE PEOPLE.—In an action brought in the name of the People for the use of a county, to recover a penalty for obstructing a public road, no costs can be recovered if the plaintiff be cast in the suit, and hence no bond for costs can be required of the plaintiff prior to commencement of suit.

2. COSTS AGAINST COUNTY.—In a suit in the name of the People for the use of a county, to recover a penalty, no costs can be taxed against a county in case the defendant is found not guilty.

3. POPULAR ACTION.—Such a suit is not a popular action within the meaning of the statute requiring security for costs.

4. PRACTICE.—A stipulation of facts which states that the weight of evidence shows the existence of certain facts, will not be recognized as a substitute for a bill of exceptions containing all the evidence, in determining questions depending upon evidence.

ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed June 21, 1881.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for plaintiff in error; that obstructing a highway is a public nuisance, in legal contemplation is renewed every day, and an action is not barred by the Statute of Limitations, cited Rev. Stat. 1874, 386; 2 Waterman on Trespass, 59; Angell on Limitations, 5; Rickman v. Henderson, 27 Barb. 207; Vidder v. Vidder, 1 Denio, 257; 3 Black. Com. 219; Com. Dig. T. Actions on the Case; Steeples v. Spraig, 10 Mass. 72; Baldwin v. Calkins, 10 Mod. 167; Buderman v. Fouker, 5 Watts. 308; Delaware, etc. v. Lee, 2 N. J. 248; State v. Franklin Falls Co. 49 N. H. 240; Wood on Nuisances, § 274.

The justice had jurisdiction of the case: I. & St. L. R. R. Co. v. The People, 91 Ill. 452; Rev. Stat. 1874, 656.

It was error to award costs against the plaintiff: Rev. Stat. 1874, 294.

Messrs. BARNES & BARNES and Mr. GEO. W. SMITH, for defendant in error; that the action was barred by the statute, cited Rev. Stat. 1874, 678, 398.

Obstructing a road and continuing such obstruction are distinct offenses: Crosby v. Gipps, 16 Ill. 352; Bickerdike v. Dean, 21 Ill. 199; Lowe v. The People, 28 Ill. 518.

There being no motion entered for a new trial, error cannot be assigned that the finding was against the evidence: Bills v. Stanton, 69 Ill. 51: Choate v. Hathaway, 73 Ill. 518; Nimmo v. Kuykendall, 85 Ill. 476.

DAVIS, J. This was a prosecution commenced before a justice of the peace, by plaintiff in error, to recover from the defendant a penalty for continuing an obstruction to a public road.

The People v. Coultas.

On appeal to the circuit court, the defendant renewed a motion which he had made before the justice, and which had been overruled, to dismiss the suit because no bond for costs had been given before the suit was commenced, as required by law in all penal actions. The court overruled the motion, and the action of the court in so ruling is one of the cross-errors assigned by the defendant in error.

In this no error was committed. The suit was commenced in the name of the People, for the use of Morgan county, and chapter 33 of Revised Statutes, Sec. 17, page 299, of edition of 1874, provides that in all suits and actions commenced for, or on behalf of any county of this State, if the plaintiff shall recover any debt or damages in such action or suit, the plaintiff shall recover costs as any other person in like cases; but if such plaintiff suffers a discontinuance or be nonsuited or *non pros'd*, or verdict pass against such plaintiff, the defendant shall not recover any costs whatever. The section further provides that nothing contained in it shall extend to any popular action, nor to any action to be prosecuted by any person in behalf of himself and the People or a county, upon any penal statute.

Under the provisions of this section, the defendant cannot recover costs in this case against the People of the State, or the county of Morgan, and if costs cannot be recovered, no bond for the payment of them could be required before the suit was commenced. The defendant, however, relies upon the last clause of the section as exempting this case from the operation of the statute. But this is not a popular action. A popular action is a *qui tam* action, or one in which the penalty, or a part of it, is given to any one who will sue for the same. 1 Bacon's Abridgement, 87; 3 Black. Com. 160.

Nor is this action prosecuted by any person in behalf of himself and the People, or in behalf of himself and the county, upon a penal statute.

On the trial of the case in the circuit court, the defendant was found not guilty, and a judgment rendered against the county of Morgan for the costs of suit. This was error. As shown above, by the provision of section 17, the defendant in

error was not entitled to recover costs. For this error the judgment must be reversed.

The other questions presented by appellant we cannot examine, as no bill of exceptions embracing the evidence, was filed. The stipulation entered into by the parties, as and for a bill of exceptions, in which they recite, that on the trial of the suit much evidence was introduced, and that the weight of the evidence shows the existence of certain facts, we cannot recognize.

Judgment reversed.