# ILLINOIS CENTRAL RAILROAD COMPANY

## v.

## JOHN R. GILCHRIST.

BILL OF EXCEPTIONS—STIPULATION CANNOT BE SUBSTITUTED FOR.—The statute imperatively requires the signature and seal of the judge to the bill of exceptions, before it shall become a part of the record, and the stipulation of parties that a certain document shall stand for a bill of exceptions, cannot obviate this positive requirement.

APPEAL from the Circuit Court of Ford county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed October 19, 1881.

Mr. B. F. AYER, Mr. R. E. WILLIAMS, and Mr. CHAS. H. WOOD, for appellant.

Mr. A. SAMPLE, for appellee.

PER CURIAM.   In this case there is no bill of exceptions signed or sealed by the judge who tried the cause in the court below. Counsel for the respective parties have, however, stipulated that a certain document copied into the record "shall stand and be the bill of exceptions in the cause the same as though signed and sealed by the judge who tried the cause." It might be enough to say that the statute imperatively requires the signature and seal of the judge to the bill of exceptions before it shall become a part of the record, and until this is done this court is not obliged to notice it.   We have so held at this term in The People etc. v. Coultas, to which decision we adhere.   It is but justice to the trial court whose proceedings we are called upon to review, that the cause shall be tried here upon the record made by the judge himself.   It is also due to this court that only such questions shall be reviewed here as were passed upon by the court below.

The statute has prescribed the methods by which these questions shall be preserved in the record, which in cases tried by jury is by bill of exceptions signed and sealed by the Judge. If we were to dispense with this requirement of the statute there might be no end to the questions that might be brought into this court by stipulation of counsel which had never been passed upon by the trial court.   We do not doubt the good faith of counsel in this case in their endeavors to present the case fairly as it was tried in the court below, but for reasons already stated we are not disposed to open the doors to a practice which might lead to manifest abuse, when the proper course is so plain and easy to be pursued.

There being no other errors in the case except those arising upon the bill of exceptions, and that being improperly in the record, the judgment of the circuit court must be affirmed.

Judgment affirmed.