## THE EUREKA COAL COMPANY
### v.
## JAMES POWERS.

PRACTICE—DEFECTIVE BILL OF EXCEPTIONS.—Stipulations of parties can be made a part of the record only by a bill of exceptions.

ERROR to the County Court of Will county; the Hon. BEN-JAMIN OLIN, Judge, presiding.  Opinion filed .February 11, 1882.

Mr. FREDERIC ULLMAN, for plaintiff in error.

PILLSBURY, J.   This suit was commenced by defendant in error against the plaintiff in error before a justice of the peace, and an appeal prosecuted from his judgment to the Circuit Court of Will county.  Subsequently the venue was changed to the county court.  The record of the county court shows that on March 23, 1880, the plaintiff below moved to dismiss his suit, which motion was overruled.  The counsel for the plaintiff then withdrew his appearance, and the court dismissed his suit for want of prosecution.

This writ of error is prosecuted by the defendant below to reverse this judgment of dismissal, and it is claimed in the argument, that by virtue of a stipulation between the parties, making this a test case for many others named in the stipulation, the defendant below, under the decision of this court in the case of McKinley v. The Wilmington Star Mining Co., 7 Bradwell, 386, where effect was given to a like agreement, was entitled to a trial upon the merits of the case.

This claim of plaintiff in error we can not determine, as there is no bill of exceptions in this case, making the stipulation a part of the record in the cause.  The clerk has copied into the record what purports to be a stipulation between the parties, but under the authority of Wilson v. McDowell, 65 Ill. 522, it does not thereby become a part of the record.  In the absence of a bill of exceptions, we must presume the court

acted correctly in dismissing the cause for want of prosecution, as shown by the order of record.

The judgment of the Will County Court will be affirmed.

Judgment affirmed.