## CITY OF BUNKER HILL
### v.
### BENJAMIN JOHNSON.

BILL OF EXCEPTIONS—WANT OF SEAL OF JUDGE.—The question involved in this case can not be considered by the court, as the paper copied into the record as a bill of exceptions is void, for want of the seal of the judge who tried the case.

APPEAL from the County Court of Macoupin county; the Hon. R. A. KING, Judge, presiding. Opinion filed January 16, 1883.

Mr. E. W. HAYS and Messrs. RINAKER & RINAKER, for appellant; cited R. S. 1874, Chap. 54, § 65; Byars v. City of Mt. Vernon, 77 Ill. 467.

Mr. A. N. YANCEY, for appellee; that a bill of exceptions is to be considered as a pleading of party alleging the exception, and if ambiguous, ought to be construed most strongly against the party who prepared it, cited Ford v. Wilson, 2 Scam. 255; Rogers v. Hall, 3 Scam. 5.

If the bill of exceptions fails to state that it contains all of the evidence heard on the trial, the presumption will be indulged that the court below decided correctly in overruling motion for new trial and the verdict in such case can not be questioned: Buckland v. Goddard, 36 Ill. 206; Ballance v. Leonard, 37 Ill. 43; Miner v. Phillips, 42 Ill. 123; Gallagher v. Brandt, 52 Ill. 80; Cowgill v. Beesley, 76 Ill. 445; Henry v. Halloway, 78 Ill. 356; Noy v. Creed, 1 Bradwell, 557.

Where the bill of exceptions is not sealed by the judge, a court will not look into it to see if there is error: R. S. 1874, Chap. 110, § 60; Miller v. Jenkins, 44 Ill. 443.

As to the exclusion of the printed books as evidence: Alton v. Hartford Ins. Co. 72 Ill. 328; Schott v. The People, 89 Ill. 195; Bethalto v. Conley, 9 Bradwell, 339

PER CURIAM. The only question sought to be raised in this case is whether or not the court below erred in excluding from the jury a printed book purporting to be the charter and ordinances of the city of Bunker Hill, published by authority of the city council. It is objected on the part of appellee that this question can not be considered by this court because the paper copied into the record as a bill of exceptions is void for want of the seal of the judge who tried the case. Upon inspection of the record we find the point to be well taken, and upon the authority of Miller v. Jenkins, 44 Ill. 443, affirm the judgment of the court below.

Judgment affirmed.