CHICAGO AND NORTH WESTERN RAILWAY COMPANY

v.

LUCIUS T. BENHAM ET AL.

*Practice—Defective Bill of Exceptions—Stipulation—Presumption.*

**1.** A bill of exceptions which is not signed and sealed by the Judge of the court below will not be considered a part of the record.

**2.** Errors in the admission of evidence or in overruling a motion for a new trial can be shown only by a bill of exceptions.

**3.** Facts admitted by stipulation, in order to become part of the record must be embodied in a bill of exceptions.

**4.** In the absence of a bill of exceptions it will be presumed that there was sufficient evidence produced to warrant the finding and judgment of the court below.

[Opinion filed January 18, 1888.]

IN ERROR to the County Court of Cook County; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Messrs. WILLIAM B. KEEP and W. C. GOUDY, for plaintiff in error.

Mr. HERVEY H. ANDERSON, for defendants in error.

BAILEY, J.   This was a suit brought by Lucius T. Benham and others against the Chicago & North Western Railway Company, to recover damages for the failure of the defendant to transport and deliver certain goods received by it as a common carrier.   The cause was tried by the court, a jury being waived, and a judgment rendered in favor of the plaintiffs for $400 and costs.   The defendant brings the record to this court by writ of error, and assigns for error the admission of improper evidence, the rendition of judgment in favor of the plaintiffs and the refusal of the court to grant the defendant's motion for a new trial.

There is an insuperable obstacle in the way of our consider-

C. & N. W. Ry. Co. v. Benham.

ing any of the errors assigned, in the fact that the record contains no bill of exceptions. The clerk has copied into the transcript a certain document which is called a bill of exceptions, and which purports to set forth all the evidence given at the trial, and also the finding and judgment of the court. It then recites that "the defendant, by its counsel, excepted to said judgment and moved the court to set aside said judgment and grant a new trial, which motion was filed in writing and is in words and figures as follows, to wit:" and there the document terminates. There is appended to it neither the certificate, signature or seal of the Judge before whom the cause was tried. Such a document must be regarded as a mere nullity. A bill of exceptions not signed and sealed by the Judge of the court below will not be considered a part of the record. Reeves v. Reeves, 54 Ill. 332; Miller v. Jenkins, 44 Ill. 443; Jones v. Sprague, 2 Scam. 55; W., St. L. & P. Ry. Co. v. Peterson, 15 Ill. App. 149; Thompson v. Duff, 17 Ill. App. 304; City of Bunker Hill v. Johnson, 12 Ill. App. 255; Pierson v. Watters, 7 Ill. App. 400. Errors in the admission of evidence or in overruling a motion for a new trial can be shown only by a bill of exceptions, and in the absence of a bill of exceptions it will be presumed that there was sufficient evidence produced to warrant the finding and judgment of the court.

It is true various facts bearing upon the issues in the case are admitted by stipulation, but while the clerk has copied such stipulations into the transcript, they are no part of the record. To be made a part of the record so as to be subject to examination in this court, they should be embodied in a bill of exceptions. Wilson v. McDowell, 65 Ill. 522; Eureka Coal Co. v. Powers, 10 Ill. App. 61; People v. Coultas, 9 Ill. App. 39; I. C. R. R. Co. v. Gilchrist, 9 Ill. App. 135. The stipulations in this case are not even copied into the document which purports to be a bill of exceptions.

No error being apparent in the record, the judgment must be affirmed.

*Judgment affirmed.*