THE WIDOWS AND ORPHANS' BENEFICIARY ASSO-
CIATION OF THE ANCIENT ORDER OF HIBERNI-
ANS OF THE STATE OF ILLINOIS
V.
MARGARET POWERS.

*Practice—Bills of Exceptions—Seal.*

This court can not consider a bill of exceptions which was signed but not sealed by the judge of the court below.

Widows and Orphans' Beneficiary Ass'n v. Powers.

[Opinion filed January 16, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. THOMAS McENERNY, for appellant.

Messrs. WILLIAM K. LOWERY and LYNDEN EVANS, for appellee.

This appeal should be dismissed, because the bill of exceptions was not sealed by the trial judge. This omission is fatal. Starr & C. Ill. Stat., Chap. 110, § 60; Statute of Westminster, 2, 13 Edward I, Chap. 3; Miller v. Jenkins, 44 Ill. 453; Wagener v. Richard, 14 Ill. App. 389; City of Bunker Hill v. Johnson, 12 Ill. App. 255; Morse v. Williams, 4 Scam. 285; Cowhick v. Gunn, 2 Scam. 417; Day v. City of Clinton, 5 Ill. App. 605; Mason v. Gibson, 13 Ill. App. 463.

GARNETT, P. J. At the threshold of this case we are confronted with the point that the paper copied into the record, and described by the clerk of the court below as a bill of exceptions, is not under seal. The name of the judge before whom the case was tried is attached at the proper place for his signature, and we have no doubt his name was written there on the original document, by himself; otherwise the clerk would not have inserted a copy of the paper in the record. The four letters, "s-e-a-l," with a scrawl drawn around them, were for some reason omitted, and that omission, insignificant as it seems, leaves the judgment to stand or fall upon the pleadings and the orders of the court.

Bills of exceptions were first introduced by the statute of Westminster, 2, 13 Edward I, Chap. 3, the act making a seal thereto essential. Jones v. Sprague, 2 Scam. 55.

This antique relic of forensic formality has outlived its usefulness. There is, and can be, no substantial virtue in that which is designated as a "seal" to a bill of exceptions. In the common practice the four letters and the scrawl are the work of the stenographer, or clerk, who transcribes the evi-

dence, or the attorney of the excepting party. They verify nothing, authenticate nothing, and serve no purpose other than that of a snare to unwary counsel. Venerable formalities die hard, but this one seems ripe for legislative surgery. Yet "the courts must carry out the legislative will. The statute requires that the bill be sealed as imperatively as the law requires a deed conveying real estate to have a seal attached." Miller v. Jenkins, 44 Ill. 443. To this, "thus saith the law,' we yield submissive, though protesting, obedience.

There being no bill of exceptions that the law recognizes, and no error appearing elsewhere, the judgment is necessarily affirmed.

*Judgment affirmed.*