## MARK CLINE

v.

## THE TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY.

*Practice.*

1. A bill of exceptions must be signed and sealed.
2. Unless there is a bill of exceptions embodying the rulings of the court, and all the evidence introduced on a given trial, and the motion for a new trial, together with the exceptions to rulings of the court, this court can not consider a given appeal.

[Opinion filed October 27, 1891.]

IN ERROR to the Circuit Court of Fayette County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. F. M. GUINN and CHARLES W. DEAN, for plaintiff in error.

Messrs. H. A. NEAL and JAMES M. ALBERT, for defendant in error.

GREEN, P. J. This was an action brought by appellant against appellee to recover for personal injuries. The verdict and judgment were for defendant. The record contains what purports to be a bill of exceptions, but it is unsigned, and the certificate of the clerk appearing immediately after it, is that the foregoing is a true, perfect and complete transcript of the record in the cause. A bill of exceptions must be signed and sealed, and in this case, by the judge who tried the cause. Without this it has no validity. The errors assigned, challenge the correctness of the rulings of the court in the progress of the trial, and also the verdict of the jury, for the reason the evidence did not warrant it. These errors we can not consider in the present state of the record. Unless there is a bill of exceptions embodying the rulings of the court, and all the evidence introduced on the trial, and the motion for a new trial, together with the exceptions to rulings of the court, we have no means for determining whether the errors are well assigned or not. The judgment is affirmed.

*Judgment affirmed.*