## City of Sterling v. Charles E. Grove.

1. SPECIAL INTERROGATORIES—*Bill of Exceptions.*—If a party desires to assign error because the counsel for the opposite party submitted to the court, and the court gave to the jury, questions of fact to be found by them, without submitting such questions to him before the commencement of the arguments, he must except to the action of the court at the time, and preserve his exception in a bill of exceptions.

2. BILL OF EXCEPTIONS—*Must be Under Seal.*—There can be no legal
bill of exceptions without a seal to the signature of the judge signing
the bill, as required by the statute.

**Memorandum.**—Action for personal injuries. Appeal from the Cir-
cuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presid-
ing. Heard in this court at the May term, 1894, and affirmed. Opinion
filed December 13, 1894.

H. C. WARD, attorney for appellant.

C. J. JOHNSON, attorney for appellee.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF
THE COURT.

This was an action on the case by appellee against appel-
lant seeking to recover damages to his cellar and property
caused by overflow of water by reason of negligence in the
appellant in not building a proper retaining wall. The
charge is that in preparing Third street for grading and pav-
ing, the city caused to be erected and built a certain wall
along the north side of said street, and in front of and near
to the lots and buildings so occupied by appellee, and in
grading said street and building said retaining wall, did the
work in such a negligent and careless and unskillful man-
ner, as to cause the rain falling upon said street to flow
from the street in large quantities into the basement of the
building of said plaintiff, and thereby caused great damage
to appellee's cellar, etc.

The cause was tried by a jury and resulted in a verdict in
appellee's favor for $242, on which judgment was rendered.

The appellant objects that appellee's counsel submitted
to the court, and the court gave certain questions of fact to
be found by the jury without submitting such questions
to appellant's counsel before the commencement of the
argument to the jury, as required by the statute, and the
court refused to withdraw the question from the jury
(McMahon v. Sankey, 133 Ill. 636), and that certain other
instructions were erroneous.

On examination of the record we find no exceptions to

such action of the court taken at the time, hence no objection can be raised here.

We further find from an examination of the record that there is no seal to the judge's name signed to the bill of exceptions as required by statute. There is no legal bill of exceptions in the record which this court can consider.

But if we should consider the evidence, as contained in the supposed bill of exceptions, we should find that the evidence contained therein supports the verdict.

The judgment of the court below is, therefore, affirmed.