## Charles G. French v. Everett S. Hotchkiss.

1. PRACTICE—*Verdict and Judgment Part of the Common Law Record.*—The bill of exceptions is not the proper place for either a verdict or a judgment. These are part of the common law record and preserve themselves without the aid of a bill of exceptions.

2. SAME—*Exceptions to Verdict Not Necessary.*—It is not necessary to except to a verdict; it is only to the action of the court that exceptions are required to be taken.

3. SAME—*Motion for a New Trial, etc.—Bill of Exceptions.*—A motion for a new trial and the exception to the overruling of the same must be made to appear in the bill of exceptions if it is desired to make them a part of the record. The embodying of the motion in the record under the certificate of the clerk is not sufficient.

4. BILL OF EXCEPTIONS—*Must be Sealed.*—A bill of exceptions without a seal is a nullity.

**Assumpsit**, on a contract, etc. Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

GEORGE B. SHATTUCK, attorney for appellant.

ULLMANN & HACKER, attorneys for appellee, contended that the judgment must be affirmed, because there is no exception shown or taken in the bill of exceptions to the verdict of the jury; no motion for a new trial, and no exception to the entry of judgment. Daniels v. Shields, 38 Ill. 197; Shedd v. Dalzell, 30 Ill. App. 306.

The alleged bill of exceptions filed in the cause is not a proper bill of exceptions, the same not having been sealed by the judge who signed it. W., St. L. & P. Ry. v. Peterson, 15 Ill. App. 149.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

It is urged by the appellee that this appeal must be affirmed because, as stated in his brief, "there is no exception shown or taken in the bill of exceptions, to the verdict of

the jury; no motion for a new trial, and no exception to the entry of judgment;" and because the bill of exceptions is not sealed by the judge who signed it.

The bill of exceptions is not the proper place for either a verdict or judgment to be shown. They are a part of the common law record, which preserves itself without the aid of a bill of exceptions. Baldwin v. McClelland, 50 Ill. App. 645; Van Cott v. Sprague, 5 Ill. App. 99.

Neither need a verdict be excepted to. It is only to the action of the court that exceptions are required to be taken. Thompson v. Seipp, 44 Ill. App. 515.

But the motion for a new trial and the exception to the overruling of the same, should be made to appear in the bill of exceptions, and none such are therein contained. Although in this case the clerk has embodied in a part of the transcript his statement that there was a motion filed for a new trial, giving the motion with its reasons, and has recited that there was an exception taken by the appellant to the overruling of the same, and also that there was an exception taken by appellant to the entry of judgment, we are not permitted to act upon such statements by the clerk. It is only to the bill of exceptions bearing the authenticity of the name and seal of the judge, that we are at liberty to look to ascertain what occurred in the case in the court below, outside of such matters as the record proper preserves.

"The embodying of a writing (like the motion for a new trial in this case) in the record brought to this court under the certificate of the clerk, does not incorporate the writing into the bill of exceptions." Wilson v. Wilson, 44 Ill. App. 209.

The certification by the clerk to the record is not enough. Charles v. Remick, 50 Ill. App. 534.

The bill of exceptions must not only show that a motion for new trial was made, but also that it was overruled, or the judgment will not be disturbed. Daniels v. Shields, 38 Ill. 197; Shedd v. Dalzell, 30 Ill. App. 356.

By stipulation of parties, the original bill of exceptions was incorporated into the record brought here.

An inspection of it shows that the objection to it for lack of the seal of the judge who signed it, is well taken. There is no seal of the judge and no recital from which even an intention to seal it can be inferred. As said in Miller v. Jenkins, 44 Ill. 443: "While no very satisfactory reason can be assigned why a bill of exceptions should be sealed as well as signed, still the general assembly has required it, and its will thus expressed must be obeyed." See also Widows and Orphans B. Ass'n v. Powers, 30 Ill. App. 83, and Wabash, St. L. and P. Ry. Co. v. Peterson, 15 Ill. App. 149.

The objections pointed out are fatal, and preclude an examination of the merits of the cause.

The judgment of the County Court will therefore be affirmed.