## City of Bloomington v. Rachel Clark et al.

1. BILL OF EXCEPTIONS—*Must be Signed and Sealed.*—It is indispensable that a bill of exceptions be signed and sealed by the judge by whom it is made.

Assumpsit, on a settlement, etc. Trial in the County Court of McLean County; the Hon. R. A. RUSSEL, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

WILLIAM R. BACH, attorney for appellant; SIGMUND LIVINGSTON, of counsel.

W. H. KERRICK, and WELTY & STERLING, attorneys for appellees.

Opinion PER CURIAM.

It appears from the declaration the appellees in this cause had pending in the Circuit Court of McLean County, a suit against the city of Bloomington, for causing damages to their property, by maintaining a dumping ground for refuse taken from the streets and alleys of such city; that while this suit was pending the matter of adjusting the same was taken up by the city council, and referred to its judiciary committee to see what action should be taken in that regard.   This committee obtained from W. H. Kerrick, the attorney for appellees, a proposition to settle the case for $160.   This proposition was reported by the judiciary committee to the city council the 17th day of September, 1897, and their report was adopted by an aye and nay vote of ten to three.   Between this meeting of the city council and its next meeting, appellees filed with the city clerk an acceptance of the offer.   The city council at its next meeting first approved the minutes of its action of the former meeting and then afterward, some time during the same session, by a motion, reconsidered its action on the report of the judiciary committee.   Soon after this appellees dismissed their suit in the Circuit Court, tendered a release to the city for claims for damages set forth in the declaration filed in the case and demanded payment of the amount agreed on as a settlement of the cause.   The city refusing to pay this, appellees brought suit in the County Court, on this alleged settlement.   The case was tried with a jury.   Verdict, appellees' damages $160.   The court, upon overruling appellant's motion for a new trial, entered judgment on the verdict.

We can not consider that portion of the transcript sought to be made a record by a bill of exceptions, because it was not sealed as well as signed by the judge who certified to it. It is indispensable that a bill of exceptions be signed and sealed by the judge by whom it is made.   Miller v. Jenkins, 44 Ill. 443;  French v. Hotchkiss, 60 Ill. App. 580;  Widows &

Orphans' Beneficiary Association v. Powers, 30 Ill. App. 82; Cline v. T., St. L. & K. C. R. R. Co., 41 Ill. App. 516; Cowhick v. Gunn, 2 Scam. 417; C. & W. I. R. R. Co. v. DeMarko, 51 Ill. App. 581.

Under appellant's assignment of errors there are none assigned on the common law record of this case that are well grounded.

The judgment of the County Court is affirmed.