## Inez Elder, by Her Next Friend, v. Samuel Bennett.

1.  BILL OF EXCEPTIONS—*Must be Under Seal.*—Without a seal a bill of exceptions is not a part of the record.

**Trespass on the Case**, for slander.   Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for defendant.   Appeal by plaintiff.   Heard in this court at the May term, 1898.   Affirmed.   Opinion filed October 5, 1898.

WILSON & BUCKINGHAM, attorneys for appellant.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a suit by the appellant to recover from the appellee damages for an alleged slander, commenced and prosecuted to judgment in the Circuit Court of Vermilion County. The trial was by jury and resulted in a verdict and judgment against the appellant from which she appeals to this court.   The grounds urged by appellant in this court why the judgment should be reversed are, (1) that the Circuit Court erred in ruling on the evidence; (2) that the verdict is contrary to the evidence; and (3) that the Circuit Court gave improper instructions and refused proper instructions.

The errors assigned on the record in this case and urged upon us as sufficient grounds to reverse the judgment appealed from, require that we examine the evidence, instructions and rulings of the trial court on the exceptions

taken during the trial, which must be preserved in a bill of exceptions signed and sealed by the judge presiding at the trial, so as to become a part of the record, as provided by Section 60, Chap. 110, p. 3065, Starr & Curtis' Ill. Statutes, 1896, which is as follows: "If, during the progress of any trial in any civil cause, either party shall allege an exception to the opinion of the court and reduce the same to writing, it shall be the duty of the judge to allow said exception, and sign and seal the same, and the said exception shall thereupon become a part of the record of such case."

The transcript of the record of the Circuit Court of Vermilion County in this case, certified to by the clerk of that court as being a true, perfect and complete copy thereof, and filed in this court as such by the appellant, shows that there is no seal to the certificate of the trial judge attached to that which would be the bill of exceptions in this record if there was such seal. Without such seal the writing purporting to be a bill of exceptions is not a part of the record. Jones v. Sprague, 2 Scam. 55; Miller v. Jenkins, 44 Ill. 443; Widows & Orphans Beneficiary Ass'n, etc., v. Powers, 30 Ill. App. 82; Chicago & W. I. R. R. Co. v. DeMarko, 51 Ill. App. 581; City of Sterling v. Grove, 56 Ill. App. 370, and French v. Hotchkiss, 60 Ill. App. 580. On the errors assigned and urged upon grounds to reverse the judgment appealed from in this case, we are precluded from an examination of the merits of the case, for the want of a bill of exceptions preserving the evidence, instructions and exceptions signed and sealed by the trial judge so as to make it a part of the record. Miller v. Jenkins, 44 Ill. 443; Chicago & W. I. R. R. Co. v. DeMarko, 51 Ill. App. 581, and French v. Hotchkiss, 60 Ill. App. 580.

Without the evidence, instructions and exceptions being properly before us, we must presume the Circuit Court rendered the proper judgment, hence we affirm its judgment in this case. Judgment affirmed.