### Edwin Stanley Masterson, by Next Friend, etc., v. William C. Furman.

1. APPELLATE COURT PRACTICE.—Questions as to excessive damages and erroneous instructions can not be raised for the first time in the Appellate Court.

2. BILL OF EXCEPTIONS—*Must be Under the Seal of the Trial Judge.*—It is essential that the bill of exceptions be sealed.

Masterson v. Furman.

**Action in Case,** for false imprisonment.    Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.    Verdict and judgment for plaintiff; appeal by defendant.    Heard in this court at the October term, 1898.    Affirmed.    Opinion filed April 17, 1899.

C. A. SURINE, attorney for appellant.

MASTERSON & HAFT, attorneys for appellee.

The signature of the judge appears on the bill of exceptions, as follows :

"JOHN GIBBONS, Judge,"

and consequently not being under the seal of the judge signing, the same is not effective as a bill of exceptions, and should not be considered by this court as such.    Widows', etc., v. Powers, 30 Ill. App. 82; Harms v. McCormick, 30 Ill. App. 125; C. & N. W. R. Co. v. Benham, 25 Ill. App. 248; Cline v. Toledo Ry. Co., 41 Ill. App. 516; C. & W. I. R. Co. v. DeMarko, 51 Ill. App. 581; City of Sterling v. Grove, 56 Ill. App. 370.

MR. JUSTICE SEARS delivered the opinion of the court.

This is an action for false imprisonment.    The appellee, who sued by next friend, was twelve years of age when the injury was done which is the basis of the suit.    Upon trial the jury found the defendant, appellant, guilty, and assessed the plaintiff's, appellee's, damages at $400.    Judgment was rendered upon the verdict.

It is now urged by appellant, first, that the verdict is excessive in amount, and secondly, that the instructions are erroneous, in that they submitted questions of law to the determination of the jury.

If we were at liberty to dispose of the case upon a decision of these questions, the result would be the affirmance of the judgment.    No question was raised as to the amount of the verdict in the court below upon motion for a new trial, the grounds of which were specified in writing; nor is the amount of the verdict called in question by the assignments of error here.    Hence this question could not now be considered.    Without needless recital of the instructions, we

may say that we do not regard them as subject to the objection made.

But there is another reason why this judgment must be affirmed. The bill of exceptions is not sealed by the judge who signed the same. That it is essential that the bill of exceptions be sealed, is settled. Jones v. Sprague, 2 Scam. 55; Miller v. Jenkins, 44 Ill. 443; Widow v. Powers, 30 Ill. App. 82; Cline v. Toledo Ry. Co., 41 Ill. App. 516; C. & W. I. Ry. Co. v. DeMarko, 51 Ill. App. 581; City v. Grove, 56 Ill. App. 370.

Appellant, after notice of the defect, has taken no steps to remedy it. We could not, therefore, in any event dispose of the case upon questions as to the procedure and verdict, which could only be presented by a sufficient bill of exceptions.

There being no question raised as to error in the common law record, the judgment is affirmed.