## William D. Kruse v. The People of the State of Illinois.

1. Indictments—*Sufficiency, etc.*—Every indictment or accusation of the grand jury is to be deemed sufficiently technical and correct which states the offense in the terms and language of the statute creating the offense, or so plainly that the nature of the offense may be easily understood by the jury.

2. Same—*Allegations of Value.*—An indictment alleging that the accused converted to his own use "a large sum of money, to wit, sixteen dollars," is sufficient, without stating the value of the "sixteen dollars."

3. Bill of Exceptions—*Must be Signed and Sealed.*—A bill of exceptions not signed by, or under seal of, the trial judge, has no validity and is no part of the record.

Indictment for Embezzlement.—Trial in the Criminal Court of Cook County; the Hon. Edmund W. Burke, Judge, presiding. Verdict of guilty; error by defendant. Heard in this court at the March term, 1899. Affirmed. Opinion filed October 19, 1899.

Benjamin Staunton, attorney for plaintiff in error.

Charles S. Deneen, State's attorney, and F. L. Barnett, assistant State's attorney, for defendant in error.

Mr. Justice Windes delivered the opinion of the court.

The motion of defendant in error to strike the bill of exceptions in this case from the record, and which was reserved to the hearing, is sustained. What purports to be the bill of exceptions is neither signed nor sealed by the trial judge, without which it has no validity and is no part of the record. Jones v. Sprague, 2 Scam. 55; Miller v. Jenkins, 44 Ill. 443; W. O. B. Ass'n v. Powers, 30 Ill. App. 82.

The errors assigned numbered 1, and 4 to 7, inclusive, relate wholly to alleged errors of the court, which, it is claimed, appear from the bill of exceptions and are therefore not considered.

It is claimed by the plaintiff in error that his motion made in the trial court for a discharge, because the indict-

ment fails to allege the country in which the "sixteen dollars," which it is alleged plaintiff in error failed and refused to pay over, were issued, and also his motion for a discharge for the reason that said "sixteen dollars" were not alleged to be of any value, should have been sustained.

The first count of the indictment, after the formal parts, alleges that plaintiff in error, being "a constable in and for said Cook county, duly elected and qualified as such constable, and then and there acting as such constable, and then and there authorized by law to collect money, unlaw-, fully did fail and refuse to pay over a large sum of money, to wit, sixteen dollars, then and there collected by the said William D. Kruse, as such constable, for one Matthias Haupt, on a certain judgment," etc., describing the judgment.

The second count of the indictment makes the same allegations in substance, omitting the allegation that plaintiff in error acted as a constable.

There appears to have been a trial before the court and a jury. The jury found the plaintiff in error "guilty of refusing to turn over moneys, in manner and form as charged in the indictment," and also that the sum retained by him was ten dollars and fifty cents; and on this verdict the court rendered judgment, after overruling a motion for a new trial, and also a motion in arrest of judgment. We are of opinion that the indictment was sufficient, and that the learned trial judge did not err in overruling the motions and rendering judgment upon the verdict.

Paragraph 408 of the Criminal Code, Ch. 38, Hurd's Rev. Stat., provides: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood by the jury."

Par. 79 of the Criminal Code, the one under which plaintiff in error was indicted and found guilty, provides, in substance, that if any constable "shall fail or refuse to pay over any money collected by him," etc., he shall be fined

not exceeding double the amount retained by him or confined in the county jail not exceeding one year, or both, and be removed from office.

Par. 82 of the same chapter provides, with reference to this crime, that it shall be sufficient to allege generally in the indictment a fraudulent conversion or taking of money " to a certain value or amount," etc.

We are of opinion that the indictment in its allegations comes clearly within the statutes in describing the offense, and in the absence of a bill of exceptions, it must be and will be presumed that the proof sustained the allegations of the indictment.

Two of the cases cited by plaintiff in error, to wit, Block v. The State, 44 Texas, 621, and Watson v. The State, 64 Ga. 61, sustain the judgment in this case. In the Block case, which was an indictment for embezzlement, the court said : " In legal acceptation the word money means current metallic coins. Bishop says that the word money means only that which is a legal tender." So in this case the indictment alleging that plaintiff in error converted to his own use " a large sum of money, to wit, sixteen dollars," was sufficient, and as we have seen, it will be presumed that the proof of a conversion of metallic coins was made and would sustain the indictment.

In the Watson case, which was an indictment for larceny after trust, it was held that it was unnecessary to have alleged that the money converted was lawful currency of the United States, but inasmuch as it was so alleged, the proof should have been made according to the allegation. The inference clearly is that, had the allegation been of the conversion of money, without further description, and the proof had been that the money converted was current metallic coins, it would have been sufficient.

In State v. Howard, 66 Minn. 309, in an indictment which charged that a certain sum of money was offered as a bribe, the court says that " the simple allegation that the offer was a given sum of money is all that is necessary."

The judgment is affirmed.