## Cudney & Co. v. Anna L. Martindale.

1.  BILL OF EXCEPTIONS—*Seal an Essential Element.*—A seal is an essential element of validity in a bill of exceptions, and without which it is no part of the record, and can not be looked into by the reviewing court for the purpose of seeing what was excepted to on the trial below.

Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1899.   Affirmed.   Opinion filed January 30, 1900.

H. S. GEMMILL, attorney for appellant.

HOWARD AMES, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.
We are met at the outset of this case by the objection that the document called a bill of exceptions was not sealed as well as signed by the judge who certified thereto.   An inspection of the record, to which we are invited by the appellee's additional abstract, shows that the point is correctly taken.   The bill of exceptions was originally signed by the judge November 17, 1898.   There is an additional certificate, also signed by the judge, which states that February 18, 1899, the parties appeared before him in chambers, and over the objection of appellee that the judge had no jurisdiction, the addition of a seal was ordered *nunc pro tunc* as of November 17, 1898, to which appellee excepted. This additional certificate is itself without a seal, and none appears upon the original bill.

The case of Jones v. Sprague, 2 Scam. 55, is apparently the first case in this State in which the want of a seal—which, under our practice, has come to mean only a scrawl enclosing usually the word "seal"—is held to be a fatal objection to a paper purporting to be a bill of exceptions, and this, too, when the objection is taken on the hearing and not by motion to strike out of the record. In that case, however, there was no signature of the judge, nor even a statement that he had signed and sealed the bill. In Miller v. Jenkins, 44 Ill. 443, it was held that without the seal the bill of exceptions is no part of the record and can not be considered, the court then saying that while no very satisfactory reason can be assigned why a bill of exceptions should be sealed as well as signed, still the general assembly has required it, and its will thus expressed must be obeyed; that the statute as imperatively requires a seal to a bill of exceptions as to a deed conveying real estate. The statute requiring the judge " to sign and seal " the exceptions is still in full force and effect. R. S. 1898, Chap. 110, Sec. 60, p. 1213. In Widows & Orphans Ben. Ass'n v. Powers, 30 Ill. App. 82, where, as in this case, there was only the signature of the judge without the seal, it was held, by reason of the statute, that the document was not a bill of exceptions such as the law recognizes, although the requirement is spoken of as an antique relic of forensic formality which has outlived its usefulness. To the same effect are Chicago & W. I. R. R. Co. v. De Marko, 51 Ill. App. 581, and cases there cited; City of Sterling v. Grove, 56 Ill. App. 371; French v. Hotchkiss, 60 Ill. App. 580; Elder v. Bennett, 79 Ill. App. 335. In several of the cases referred to the objection appears to have been made in the briefs in the case as taken.

Such has been the uniform ruling of this court in this and other districts, and of the Supreme Court, so far as we are advised, unless changed by the case of Hughes v. City of Momence, 163 Ill. 535 (541). There the court uses the following language:

" It is objected that the bill of exceptions is not sealed by the judge. It appears to be signed, but no scrawl is

attached as a seal. This objection is purely technical, and if made before the case was taken it would have been necessary to correct it in that regard. It comes too late to make that objection in the briefs on the case as taken."

And again in another case with the same title (Hughes v. City of Momence), in 164 Ill., on page 19, it is said :·

" The objection is made that the bill of exceptions is not sealed by the judge. What is said in Hughes v. City of Momence, 163 Ill. 535, applies to this. case."

While these cases do not in terms expressly overrule the previous decisions above referred to, they might seem to state the doctrine that the omission of the seal of the judge from a bill of exceptions is a technical objection which will be considered as waived unless a motion to strike the bill from the record is made before the case is taken. If satisfied that such is the meaning of the court in that case, we should certainly cheerfully follow it, as in duty bound. But it is by no means clear that such construction is intended to be given to the language used, in the absence of a fuller statement as to how and when the objection was made to the reviewing court, and in view also of the fact that such construction would apparently overrule, in effect, all former decisions without so doing in express terms. It has heretofore been held that, lacking a seal, such a document lacks an essential element of validity; is not a bill of exceptions at all; is no part of the record, and can not therefore be looked into by the reviewing court to see what was excepted to by appellant on the trial below (Miller v. Jenkins, *supra*), and that there is no help for the court in that respect except through action of the legislature. This suggestion was made by the Supreme Court in 1867, and still the general assembly has taken no action to change the statute to which, since that time, there has been protesting obedience. Widows & Orphans Ben. Ass'n v. Powers, *supra*. If the facts were so stated in Hughes v. City of Momence as to leave no doubt that it was intended to hold that the want of seal would be considered waived when not made before the case is taken by the reviewing court, we should gladly follow

the ruling. As it is we deem it prudent, until the Supreme Court otherwise advises us, to adhere to the former rulings of this court hereinbefore referred to, that we may not unwittingly mislead the bar, and that vigilance in respect to formalities required by the statute may not meanwhile be abated.

There are other cases which may be considered as bearing upon the question before us. Such are Myers v. Phillips, 68 Ill. 269, and Hyde Park v. Dunham, 85 Ill. 569 (571). It was held, in the first of these cases, that where a motion had not been made to strike out an amended bill of exceptions claimed to have been unauthorized, as not properly a part of the record, the court would not do otherwise than regard the amendment as rightfully made, and would treat it is as part of the record. To the same effect is Village of Hyde Park v. Dunham, 85 Ill. 569 (571), where it did not affirmatively appear from the record when the bill of exceptions was signed and sealed. No motion to strike it out having been made at the proper time, it was presumed to have been filed in time and regarded as rightfully a part of the record. Cases of this character, however, differ from those where the bill of exceptions has not been sealed, in that the latter fail to comply with a statutory requirement, which has been held to be imperative. Miller v. Jenkins.

The absence of the seal of the court from the certificate of the clerk to the transcript of record has been held to be fatal. Cowhick v. Gunn, 2 Scam. 418; Mason v. Gibson, 13 Ill. App. 463 (466). In Morse v. Williams, 4 Scam. 285 (286), cited in Mason v. Gibson, it was held that not being properly certified for want of seal to the transcript, the case was not in court, and the motion to strike out was sustained, although not made until after joinder in error.

If, however, we considered the evidence as presented in the so-called bill of exceptions, we should find it so conflicting that we should be compelled to regard the verdict of the jury as settling the question of fact. Cudahy v. Powell, 35 Ill. App. 29. It is said in East v. Crow, 70 Ill. 91 :

" The evidence is conflicting, and there may be some doubt as to the correctness of the finding, but on the whole we are not prepared to say the jury did not arrive at a correct conclusion."

Such would doubtless be our view if we could consider the supposed bill of exceptions. In either event, therefore, we should be compelled to affirm, as we do, the judgment of the Circuit Court.