## Augusta Heberlein v. Charles Wendt.

1. BUILDING CONTRACTS—*Architect's Certificates, When Conclusive.* —Where, by a contract, an architect is made the arbiter and judge as to the proper doing of the work, his certificate is conclusive, unless shown to have been mistakenly or fraudulently issued.

2. COURTS OF EQUITY—*Governed by Considerations of Right and Justice.*—A court of equity is governed mainly by considerations of right and justice between the parties. It does not disregard legal rights; on the contrary it follows the law, and it may in a proceeding for a mechanic's lien, allow something for what is deemed insufficient work while granting a decree for the amount found equitably due.

3. CERTIFICATES OF EVIDENCE—*Must be Under the Seal and Signature of the Trial Judge.*—Under the statute, oral evidence is allowable in chancery cases, and such evidence is to be preserved by the certificate of the judge, which, upon being properly signed and sealed by him, becomes a part of the record.

**Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed January 21, 1902.

**Statement.**—This suit was commenced by appellee to foreclose a mechanic's lien on certain premises. The 10th day of August, 1898, the parties entered into a written contract by which appellee agreed to furnish material and do all the carpenter work on a six-story and basement building, according to the plans, specifications and drawings made by Robert S. Smith, architect, to the satisfaction and under the direction of the architect, and also to provide materials fit, proper and sufficient therefor according to the plans and specifications; the building to be completed by October 25, 1898, for $10,000; eighty-five per cent to be paid as the work progressed, the balance when his work

should be fully performed and accepted by appellant, time being of the essence of the contract. It was also agreed that before appellee could demand or receive any payment for work done under the contract he should procure a cer-tificate under the hand of the architect, stating the amount due for work done and materials furnished. The time for completion was extended from time to time by mutual consent, the architect's final certificate being issued January 8, 1900, for $539, which was the balance of the $10,000 then remaining unpaid.

Appellant answered the bill, setting up that appellee had not complied with his contract; that appellee had omitted to do various things provided in his contract, by which appellant was damaged to the amount of $5,000.

Appellant also filed a cross-bill asking for affirmative relief, alleging specifically, breaches of the contract by which she had been damaged to the amount of $5,000; and also that the architect's certificate was wrongfully and fraudulently issued by him, well knowing that said appellee was not entitled to it.

The cause having been heard, the court entered a decree allowing to appellee a lien for $489, and $40 as solicitor's fees.

From this decree appellant has appealed.

HAMPDEN KELSEY, attorney for appellant.

ROSENTHAL, KURZ & HIRSCHL, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

By the contract the architect was made the arbiter and judge as to the proper doing of the work, and his certificate is conclusive unless shown to have been mistakenly or fraudulently issued. Store v. Heissler, 120 Ill. 433; Arnold v. Bournique, 44 Ill. App. 199.

Nothing of the kind was made to appear. His judgment may have been faulty, but it does not appear that he miscalculated or acted improperly. And this is true although there were a few slight things to be and which were done

after the certificate was issued, and the court also found that a sideboard and a door were not quite up to the requirements of the contract, and allowed appellant $50 on account thereof.

Substantially, the work was done as agreed when the certificate was issued. As to the issue of a certificate under such circumstances see Miles v. Weeks et al., 21 Ill. 561–569.

A court of equity is governed mainly by considerations of right and justice between the parties. It does not disregard legal rights; on the contrary it follows the law; but it may, as the chancellor did, allow something for what he deemed insufficient work while granting a decree for the amount found equitably due.

Appellant urges that the fifteen per cent reserved was not to be paid until the work had been accepted by her. In a court of equity it is not sufficient as a defense that the defendant did not accept; the question is, ought she to have accepted? Was the work such that in equity and good conscience she was bound to accept? In the present case the court below has found that she ought to have accepted and we see no sufficient reason for setting aside such finding. It is also to be said that appellant took possession of the premises and used them, without, so far as appears, charging the imperfect condition which she alleges and of which she complains. While this is not conclusive it is a circumstance to be taken into consideration.

The contract contemplated alterations from the plans and specifications, as it provided that the owner might make such as she deemed proper and that in case any difference of opinion should arise in relation to the contract, the work to be performed under it, etc., the decision of the architect should be binding on both parties.

The architect did authorize certain changes and in the absence of evidence to the contrary it must be presumed they were ordered with the acquiescence of the owner.

Our attention has not been called to any evidence showing that appellant did not agree to these changes.

The statute allows attorney's fees and they were awarded in accordance with it.

A motion has been made to dismiss the appeal because the certificate of evidence is not sealed as well as signed by the trial judge.

At common law bills of exception were unknown. They came into being in England by the statute of Westminster, 13th Edward I.

In this State they are creatures of the practice act (R. S. Chap. 110, Sec. 60), under which exceptions when signed and sealed become a part of the record.

Originally, oral evidence was not allowable at the hearing of chancery causes. Under our statute permitting this, such evidence is preserved by a certificate of the judge by which it is made a part of the record. Smith v. Newland, 40 Ill. 100; McIntosh v. Saunders, 68 Ill. 128.

If a bill of exceptions, entirely a creature of the statute, can be made and is to be recognized as a part of the record of a cause when it is not authenticated by the seal of the judge, we see no reason why it may not be when it lacks both signature and seal, existing only by virtue of an order of court; if one of the requirements of the statute can be dispensed with why can not two?

We regard the alleged certificate of evidence as insufficiently authenticated. Miller v. Jenkins, 44 Ill. 443; Elder v. Bennett, 79 Ill. App. 335; Higgins v. Hide & Leather Bank, 88 Ill. App. 34; Cudney & Co. v. Martindale, 86 Ill. App. 672.

The decree of the Circuit Court is affirmed.