## Joseph Schwartz et al. v. Louis Mandel.

### Gen. No. 13,241.

BILL OF EXCEPTIONS—*effect of absence of seal.* The absence of a seal following the signature of the judge to a bill of exceptions precludes the Appellate Court from considering the contents of the bill of exceptions.

Action for breach of contract. Appeal from the County Court of Cook County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding, Heard in this court at the October term, 1906. Affirmed. Opinion filed April 29, 1907.

WILLIAM H. DELLENBACK and MICHAEL GESAS, for appellants.

ELIJAH H. ZOLINE, for appellee; FRANK H. LENNARDS, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

A motion made by appellee to strike the so-called bill of exceptions from the files and to affirm the judgment of the trial court for want of a sufficient bill of exceptions, was reserved to the hearing.

An examination of the record and the so-called bill of exceptions therein discloses that the same is not under the

seal of the certifying judge. It is therefore not a bill of exceptions, as it fails to fulfil the functions of such an instrument in not being under seal. In this condition of the record—an omission as much the fault of the judge as the counsel, and undoubtedly an oversight of both—under the law our review of that which would be a bill of exceptions were it under seal, is inhibited. That a matter so much of form and so entirely devoid of merit should have such a far reaching effect is much to be regretted; yet under numerous decisions of this and the Supreme Court the seal of the judge is an indispensable formality; lacking it, a document purporting to be a bill of exceptions is a nullity, and this court is not permitted to review the contents of such a document. French v. Hotchkiss, 60 Ill. App., 580; Miller v. Jenkins, 44 Ill., 443; C. & W. I. Ry. v. DeMarko, 51 Ill. App., 581.

The seal of the judge is a necessary requirement of a bill of exceptions under section 60, chapter 110, R. S., which directs that exceptions shall be reduced to writing, and when so done it shall be the duty of the judge to allow the exceptions "and sign and seal the same." So that relief from the hardships arising from a failure to make a scroll appear after the signing judge's name must be, if ever, secured from the law-making, not the law-interpreting, arm of the State government.

The motion being allowed leaves for examination the common law record. Such examination does not disclose any irregularity either in form or substance, constituting error.

From an examination of the so-called bill of exceptions we discover that the contention in the trial court related to the breach of a contract of employment. The contract is not disputed. Appellants contend that appellee quit their employment voluntarily and of his own accord, upon an occasion when his attention was called to his constant failure to reach his employment at the time stipulated in the contract. On the contrary appellee claims that he was discharged by appellants from his employment, and that he was forced to leave, and that no act of his in quitting appellants' employ

was of his own volition, and that his discharge was in violation of his contract of employment.

The solution of this conflict in the evidence was the measure of the duty of the jury imposed upon them by law. We see no reason for disturbing their verdict, if we had the power to do so. No instructions appear in the abstract, neither is it argued that the jury were not correctly instructed upon the law.

The judgment of the County Court must be and is affirmed.

*Affirmed.*